WILLIAM A. PALMER, APPELLANT, V. JOHN STILES, APPELLEE.

FILED FEBRUARY 8, 1907.   NO. 14,637.

1. **Justice of the Peace:** JUDGMENT, OFFER TO CONFESS. Section 1004 of the code, which provides that, in an action brought before a justice of the peace, if the defendant, at any time before trial, offer to allow judgment to be taken against him for a specified sum, and the plaintiff reject such offer and fail to recover a sum equal to the offer, he cannot recover costs subsequently accruing, contemplates an offer made in terms that, when accepted as made, entitles the plaintiff to judgment therefor, and costs, without further litigation.

2. ———: ———: ACCEPTANCE. An acceptance of such offer, coupled with the condition that the judgment shall include costs, is an acceptance of the offer according to its legal effect, and entitles the plaintiff to judgment for the amount offered, and costs, without further litigation.

3. ———: ———: WITHDRAWAL OF OFFER. Where such condition is coupled with an acceptance of the offer, and is rejected by the defendant, his rejection thereof amounts to a withdrawal of his offer, and leaves the parties standing, with respect to costs, as though the offer had not been made.

APPEAL from the district court for Hitchcock county: ROBERT C. ORR, JUDGE. *Reversed with directions.*

*C. W. Shurtleff* and *Boyle & Eldred,* for appellant.

*J. W. Cole, contra.*

ALBERT, C.

William A. Palmer sued John Stiles in the county court for an amount within the jurisdiction of a justice of the peace. The defendant appeared, and filed the following: "Comes now the defendant, and says that prior to the commencement of this suit defendant offered to pay plaintiff $4.50. And this defendant now offers to allow plaintiff to take judgment for ($4.50) four dollars and fifty cents." The plaintiff filed an acceptance of the offer, con-

ditioned that the defendant should also pay the costs accrued at that date. The defendant rejected the condition attached to plaintiff's acceptance, and the cause was tried on the merits. Judgment went in favor of the plaintiff, and the defendant appealed to the district court. A trial to a jury resulted in a verdict in favor of the plaintiff for an amount less than that named in the defendant's offer to confess judgment. After judgment on the verdict for the amount found due and costs of suit, the defendant filed a motion to retax the costs. The motion was based on two grounds: (1) That he had tendered the plaintiff more than the amount found due by the jury before the commencement of the suit in settlement of his claim; (2) that he had offered to confess judgment in the county court for an amount in excess of the amount found due by the jury in the district court. The first ground was abandoned. The court sustained the motion on the second ground, and taxed all costs accruing subsequent to the offer to confess judgment in the county court to the plaintiff. The plaintiff appeals.

The only question in this case is whether the court erred in its ruling on the question to retax the costs. Section 1004 of the code, which is relied on to sustain this ruling, is as follows: "If the defendant, at any time before trial, offer in writing to allow judgment to be taken against him for a specified sum, the plaintiff may immediately have a judgment therefor, with the costs then accrued. But if he do not accept such offer before the trial, and fail to recover in the action a sum equal to the offer, he cannot recover costs accrued after the offer, but costs must be adjudged against him. But the offer and failure to accept it cannot be given in evidence, to affect the recovery, otherwise than as to costs as above provided." The object of this section is to encourage litigants to compromise their differences. It contemplates an offer made in terms that, when accepted as made, entitles the plaintiff to judgment for the amount specified, with the costs then accrued, without further litigation. It was unnec-

essary for the plaintiff to couple with his acceptance the condition that the judgment should include costs, because that would have followed as of course by virtue of the statute. But that he did so did not vitiate his acceptance, nor amount to a rejection of the offer as made, because, while his acceptance unnecessarily included the condition with respect to costs, it amounted to an acceptance of the offer according to its legal effect. That being true, the defendant's rejection of the condition attached to the acceptance—a condition which the statute itself would have supplied, had it been omitted—amounted to a withdrawal of his offer, and left the rights of the parties, with respect to costs, precisely as though the offer had not been made. It follows, therefore, that the district court erred in sustaining the motion to retax costs.

It is therefore recommended that the order of the district court taxing the costs to the plaintiff be reversed and the cause remanded, with directions to tax the entire costs of the action to the defendant.

Duffie and Jackson, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the order of the district court taxing the costs to the plaintiff is reversed and the cause remanded, with directions to tax the entire costs of the action to the defendant.

REVERSED.