PETER WILCH, PLAINTIFF IN ERROR, V. G. W. PHELPS
ET AL., DEFENDANTS IN ERROR.

**Patent rights:** SALE OF. The act of February 18th, 1873, enti-
tled, "An act to regulate the sale of patent rights in the State
of Nebraska, and prevent frauds connected therewith," is in
conflict with the constitution of the United States, and void.

ERROR to the district court for Colfax county. Heard
below before POST, J.

*J. W. Brown* and *N. H. Bell,* for plaintiff in error,
cited: *Cranson v. Smith,* 37 Mich., 309. *Helm v. First
National Bank,* 43 Ind., 167. *Crittenden v. White,* 23
Minn., 24. *Hollida v. Hunt,* 70 Ill., 109. Note to last
case, 22 Am. Reports, 67. *Grover & Baker Sew. Mach.
Co. v. Butler,* 53 Ind., 454. *Walter A. Wood Mowing
Machine Co. v. Caldwell,* 54 Ind., 270. *Gilman v. Phila-
delphia,* 3 Wall., 713. *Ex parte Robinson,* 2 Bissell, 309.
*McCulloch v. State of Md.,* 4 Wheat., 426. *Gibbons v. Og-
den,* 9 Id., 1. *Brown v. Maryland,* 12 Id., 419. *Sinnot
v. Davenport,* 22 How., 227. *Ward v. Maryland,* 12 Wall.,
418. *Woodruff v. Parham,* 8 Id., 130.

*C. J. Phelps,* for defendant in error.

The right to use the thing patented in defiance of a state
law for police regulation is not secured. *Jordan v. Over-
seer,* 4 Ohio, 295. *Vanire v. Paine,* 1 Har., 65. *Patter-
son v. Kentucky,* 7 Otto, 501. See Cooley Const. Lim.,
713–716, as to "police regulation." The right to "make,"
"use," "vend" being one thing, inseparable, and the fact
that the Supreme Court of the U. S. has recognized and
sustained the right of a state to even prohibit the "use"
within its limits, it must by fair implication follow that a
right to regulate the manufacture, use, or sale exists in the

state. *Gibbons v. Ogden*, 9 Wheat., 210. *Haskell v. Jones*, 86 Penn. State, 173.

LAKE, CH. J.

The action in the court below was brought to foreclose a mortgage executed to secure the payment of a promissory note given in the purchase of a patent right, "that is to say an exclusive right to use in said Colfax county a brick machine of a certain make, known as 'Kennedy's patent' brick machine, claimed by the plaintiff to be patented."

The petition is in the common form, and states a good cause of action. The question to be decided was raised by the demurrer to the first count of the answer. This count, after stating the consideration of the note as above given, avers, substantially, "that prior to the time of said transaction and the execution of said note," the plaintiff had not in any particular complied with the requisites of sec. 2, Ch. 66, Comp. Stat., 371. This section provides particularly what steps must be taken by the vendor of a patent right, in order to make a valid sale. It requires that every person "desiring or intending to sell or barter any patent right, or any right which such person shall claim to be a patent right," * * "before offering to sell or barter the same in any county within this state," to submit " the letters patent or a duly authenticated copy thereof, and his authority to sell or barter the right so patented," to the county judge of such county, for his examination. Also to make "affidavit before such judge, stating the name, age, place of residence, and former occupation of the applicant," etc.; "and if such judge be satisfied that the right so entitled to be sold, or bartered, has been duly patented, and that the letters patent have not expired, or been revoked or annulled," etc., then the judge shall record "such affidavit, the date of such letters patent, to whom the same were issued, and the designation or name of such

patent right given therein, with the number thereof, in a book to be kept in his office," etc.

Sec. 1 of this chapter makes it "unlawful for any person to sell or barter, or offer to sell or barter, in any county within this state, any patent right, or any right claimed by such person to be a patent right," without having first complied with the requirements of section two.

Sec. 4 provides that: "Any person who may take any note, or other obligation in writing, for which any patent right shall form the whole, or any part of the consideration, shall, at the time of the writing thereof, insert therein, in the body of the instrument, and above the signature thereof, in prominent and legible writing, or print, the words, given for a patent right, and all such obligations or promises, if transferred, shall be subject to all defense, as if owned by the original promisee."

And sec. 5 declares, that : "Any person who shall sell or barter within this state, or who shall take any note, or other obligation, or promise in writing, for which any patent right shall form the whole or any part of the consideration, without complying with the requirements of this act," * * "shall be deemed guilty of a criminal offense, and on conviction," * * "shall pay a fine of not more than five hundred dollars, or be imprisoned in the jail of the proper county not more than six months, or both, at the discretion of the court," etc.

On the part of the plaintiff it is claimed in support of his demurrer, that the statute in question is in conflict with the constitution and laws of the United States, and therefore his non-compliance with its requirements is of no consequence, and cannot bar the recovery on the contract of purchase. Numerous authorities are cited in support of this position, and we think it is well taken.

The eighth clause of sec. 8, Art. 1, of the constitution of the United States, gives to congress sole authority, "to promote the progress of science and useful arts, by securing,

for limited times, to authors and inventors, the exclusive right to their respective writings and discoveries."

From an examination of the authorities, it seems to have been quite uniformly held, not only by the courts of the United States, but by those of the several states as well, that this provision has the effect of prohibiting the enactment of state statutes, affecting injuriously the assignment or transfer of rights secured by letters patent, or the sale of patented articles.

That the interest or privilege given and secured to a patentee by letters patent is a property right admits of no doubt. Being a property right, the patentee is protected in its enjoyment by the paramount law. *McClurg v. Kingsland*, 1 How., 206. And this right, as is said by Chief Justice Taney, in *Gayler v. Wilder*, 10 How., 494, is that of "making, using, and vending to others to be used, the improvement he has invented, and for which the patent is granted."

And Mr. Justice Davis, in *Ex parte Robinson*, 2 Biss., 309, in speaking of this right in connection with a statute of Indiana similar to the one we are now considering, used this terse and emphatic language: "The property in inventions exists by virtue of the law of congress, and no state has the right to interfere with its enjoyment, or to annex conditions to the grant. If the patentee complies with the law of congress on the subject, he has the right to go into the open market anywhere within the United States, and sell his property. If this were not so, it is easy to see that a state could interpose terms which would result in a prohibition of the sales of this species of property within its borders, and in this way nullify the laws of congress which regulate its transfer, and destroy the power conferred upon congress by the constitution." Substantially the same views are taken of this right in numerous other cases, of which we cite: *Cranson v. Smith*, 37 Mich., 309. *Helm v. First National Bank*, 43 Ind., 167. *Hallida v.*

*Hunt,* 70 Ill., 109. 22 Am. Reports, 63. *Hascall v. Whitman,* 19 Me., 102.

It will be noticed that the question of the power of a state to regulate sales of manufactured patented articles, which is found in some of the cases, is not raised here, but only that of the right of property in the patent itself. As to the manufacture and sale of patented articles, state regulation has frequently been upheld as a proper exercise of police power.

Thus in *Livingston v. Van Ingen,* 9 Johns., 582, Chancellor Kent said: "The power granted to congress goes no further than to secure to the author or inventor a right of property, which, like every other species of property, must be used and enjoyed within each state according to the laws of such state." * * * "If the author's book or print contains matter injurious to public morals or peace, or if the inventor's machine or other production will have a pernicious effect upon the public health or safety, no doubt a competent authority remains with the state to restrain the use of the patent right."

And in *Patterson v. The Commonwealth,* 11 Bush., 311, (21 Am. Repts., 220), Pryor, J., in speaking upon this subject, used this language: "There is a manifest distinction between the right of property in the patent, which carries with it the power on the part of the patentee to assign it, and the right to sell the property resulting from the invention or patent. A state has no power to say through its legislature that the patentee shall not sell his patent, or that its use shall be common to all of its citizens, for this would be in direct conflict with the law of congress. * * * The discovery or invention is made property by reason of the patent, and this right of property the patentee can dispose of under the law of congress, and no state legislature can deprive him of this right; but when the fruits of the invention, or the article made by reason of the application of the principle discovered is at-

tempted to be sold or used within the jurisdiction of the state, it is subject to its laws like other property; and such has been the uniform decision of all the courts, state and federal, upon this question."

Tested by the rule of these decisions, we must hold the statute in question is unconstitutional, and that the demurrer should have been sustained. The judgment will therefore be reversed, the demurrer sustained, and the cause remanded to the district court for a new trial.

REVERSED AND REMANDED.