## DAVID R. BUSH v. TECUMSEH NATIONAL BANK.

### FILED APRIL 17, 1902.  No. 10,926.

1. **Stipulations: RECORD.** Stipulations not embraced in the record, will not be considered.

2. **Transcript: PRESUMPTION.** It is conclusively presumed in this court that the duly certified transcript of the proceedings of the lower court contains everything that ought to be considered in determining the correctness of the ruling complained of.

3. **Judicial Notice: RECORDS OF DISTRICT COURT: AMENDED PETITION: STATUTE OF LIMITATIONS.** This court can not take judicial notice of the records of the district court, and when the record in this court shows that an amended petition was filed in the district court, but does not show that a new cause of action was set up in the amended petition, the statute of limitations will cease to run from the commencement of the action.

ERROR from the district court for Johnson county. Tried below before STULL, J. *Reversed.*

*J. W. Deweese* and *Lewis C. Chapman,* for plaintiff in error.

*Samuel P. Davidson* and *Frank M. Hall, contra.*

SEDGWICK, J.

This action was begun in the district court for Johnson county by this plaintiff in error against this defendant in

error, the Tecumseh National Bank. Some time after the action was begun an amended petition was filed, seeking to recover $6,000 and interest upon a certificate of deposit dated March 29, 1890, and issued by the bank of Russell & Holmes, of Tecumseh. To this amended petition an answer was filed, setting up several defenses that it is not now necessary to consider, and also pleading the statute of limitations. The reply was a general denial, together with other matters which are not now of importance. Upon the trial the defendant made the following objection: "The defendant objects to any evidence for the reason that this case is one of a series of cases which counsel on both sides stated on the trial of the case of *Buerstetta v. Tecumseh National Bank,* in the supreme court, that the facts in that case were the same as in the series; that that case would dispose of the whole series; for the further reason that the cause of action stated in the amended petition has been barred by the statute of limitations." This objection was sustained and the jury instructed to find a verdict for the defendant, to which exception was taken, and after judgment had been entered upon the verdict the cause was brought to this court upon petition in error.

It is insisted in the briefs herein that the objection was properly sustained upon two grounds: First, that there had been a stipulation made in a former case, by which this case was to be disposed of, and that under that stipulation there should have been a judgment in this case for the defendant; but, as there is nothing in the record showing that any such stipulation had been made by the parties, it will not be necessary to consider that suggestion any further.

The second ground upon which it is insisted that the objection was properly sustained is that the amended petition showed on its face that the action was barred by the statute of limitations. The time necessary to complete the bar of the statute expired after the commencement of this action, and before the filing of the amended petition upon which the action was tried. The original petition

was lost from the files, and there is no transcript thereof
in the record. Affidavits have been filed in this court at-
tempting to show what the original petition contained,
but these affidavits can not be considered, since the only
method of bringing the records of a lower court to this
court is by a transcript thereof. *Security Nat. Bank of
Grand Island v. Latimer,* 51 Nebr., 498; *Moore v. Water-
man,* 40 Nebr., 498; *Fulton v. Ryan,* 60 Nebr., 9. If a lost
pleading is to be supplied, this should be done in the lower
court, and the transcript should embrace the record as
completed by that court.

The question in this case is whether the amended peti-
tion shows on its face that the action was barred by the
statute of limitations. It is suggested that this petition
states a different cause of action from that stated in the
original petition, so that the filing of this amended peti-
tion was in effect the commencement of a new action,
within the decision of this court in *Buerstetta v. Tecumseh
Nat. Bank,* 57 Nebr., 504, but that does not appear upon
the face of the amended petition. No doubt, in determin-
ing that question the district court would take notice of
the original petition, and it is insisted here that the court
did take notice of the nature of the original petition, but in
determining whether the court based its ruling upon a
consideration of the allegations of the original petition
and a comparison of those allegations with those of the
amended petition, we must, as in all other questions, be
governed by the record. *Chicago, R. I. & P. R. Co. v.
Ringo,* 52 Nebr., 163. We can not take judicial notice of
the records of the district court. We can only consider
such records of that court as are shown by the transcript.
*Thompson & Sons Mfg. Co. v. Nicholls,* 52 Nebr., 312;
*Royal Trust Co. v. Exchange Bank,* 55 Nebr., 663. If, in
order to support the decree of the trial court, we could
presume the existence of some record of the district court
not shown by the transcript here, there are few cases, un-
der the existing practice, to which the rule would not ap-
ply, and require an affirmance of the judgment complained

of. It is not proper practice to bring up a transcript of all of the records in a case, but only those parts that have some bearing upon the question presented. In most cases some parts of the records which have no such bearing are omitted. The practice upon suggestion of diminution of the record is liberal. It is the duty of appellee or defendant in error to see that those parts of the record which will justify the judgment or decree are shown by the transcript. This court will not presume that there was some different pleading in the lower court or some stipulation that would justify the judgment. We might with equal propriety presume that there was a confession of judgment in open court, or that an answer subsequent to its filing had been withdrawn, or any other act of defendant which would justify the judgment, or waive the error complained of. We can not indulge such presumptions in order to sustain the rulings of the trial court. The presumption that the transcript contains all of the record of the lower court which has any bearing upon the questions to be determined in this court is so strong as to control all conflicting presumptions. This is the only safe rule. It follows that the amended petition, upon its face, stated a cause of action, and the court erred in excluding the evidence.

The judgment of the district court is reversed and the cause remanded.

REVERSED AND REMANDED.