## HORSTMAN v. BOWERMASTER.

No. 14152—Opinion Filed July 17, 1923.

(Syllabus.)

**1. Judgment — Former Adjudication — Motion to Dismiss.**

A motion to dismiss is not the proper mode of raising the defense of a former adjudication.

**2. Pleading — "Cross-Petition" — Answer.**

An answer which alleges facts upon which affirmative relief may be granted, and such affirmative relief is asked for in the answer, the answer will be treated as a cross-petition regardless of the name given it by the pleader.

**3. Same — Sufficiency of Cross-Petition — Validity of Judgment.**

A cross-petition must be pleaded as fully and distinctly and with the same substantial requisites as an original cause of action; but where the sufficiency of the cross-petition is not challenged by motion or demurrer and judgment entered thereon, the judgment so rendered will be sustained against a collateral attack, if the allegations of the cross-petition are sufficient to challenge the attention of the court to the affirmative relief sought.

Error from District Court, Kay County; J. W. Bird, District Judge.

Action by S. A. Horstman against John Bowermaster. Judgment for defendant, and plaintiff brings error. Affirmed.

J. Graham Campbell and Ray Campbell, for plaintiff in error.

John S. Burger and H. S. Gurley, for defendant in error.

COCHRAN, J. Plaintiff in error commenced this action against defendant in error on May 18, 1922. On July 15, 1922, the defendant in error filed a motion to dismiss the case for the reason that the matters involved in plaintiff's petition had become res judicata by reason of the judgment entered on May 18, 1922, in case No. 8083, the same

being an action between the same parties and in the same court. The evidence was taken on this motion, and judgment entered dismissing the case with prejudice, from which plaintiff in error has prosecuted this appeal.

A motion to dismiss is not the proper mode of raising the defense of a former adjudication. Attica State Bank v. Benson (Kan.) 54 Pac. 1037. This question is not presented, however, for our determination in this appeal, as the plaintiff in error stands on one proposition, to wit, whether the issues raised by plaintiff in error in case No. 8498 were adjudicated in the judgment in favor of defendant in case No. 8083.

The petition filed in No. 8498 is identical with petition filed in No. 8083, and in each case the plaintiff's cause of action was based upon a written contract entered into between Horstman and Bowermaster on September 25, 1918, in which Horstman agreed to care for Bowermaster during the rest of his lifetime and to nurse him, in consideration of which Bowermaster agreed to transfer to Horstman certain lots in Blackwell, Okla. The plaintiff alleged that defendant was about to dispose of the property which was agreed to be conveyed under the contract, and unless the defendant was enjoined from disposing of the same, she would be deprived of her rights under the contract.

In case No. 8083, defendant answered, admitting the execution of the contract, but alleging that the same was procured through fraud and misrepresentation, and also alleging that the plaintiff had failed and refused to comply with the terms of said contract, and that the same had been terminated by the acts of the plaintiff, and the prayer of the answer was:

"That the plaintiff take nothing by her said petition, and that said contract be formally adjudged to have been rescinded and canceled, and for such other and further relief as may be just and proper."

On May 18, 1922, case No. 8083 came on for trial, and the plaintiff in open court dismissed her petition without prejudice. The defendant announced that he was ready for trial upon his answer and cross-petition, and the case thereupon proceeded to trial upon defendant's answer, and judgment was rendered canceling the contract and ordering that the plaintiff was forever barred from asserting any interest in the lots in Blackwell, Okla., and quieting defendant's title to said lots. On the same day, the plaintiff in this action filed her petition in case No. 8498, which petition was identical with the petition in No. 8083.

The plaintiff in error contends that the allegations of the answer in case No. 8083 were insufficient to entitle the defendant to any affirmative relief, and for that reason the judgment entered in No. 8083 is void. The case of Mathews v. Sniggs, 75 Okla. 108, 182 Pac. 703, in which the following statement appears in the syllabus, to wit:

"A counterclaim or cross-petition must be pleaded as fully and distinctly, and with the same substantial requisites, as an original cause of action; it must be sufficient within itself without recourse to other parts of the pleading, or other pleadings, unless by express reference. It should be separately stated, and must show with certainty the character of the claim, how it accrued, and the facts making it a proper subject of counterclaim or cross-petition"

—is relied upon as sustaining the contention of plaintiff in error. It is true that the answer under which affirmative relief is sought must plead the facts according to the rule announced in the above case, and, failing to do so, the same will be held insufficient upon demurrer; but, in the instant case, the sufficiency of this answer was not challenged by motion or demurrer, and judgment was entered thereon, and the judgment so rendered is sought to be attacked in a collateral proceeding, which presents an entirely different question to that decided in Mathews v. Sniggs, supra, and Allen v. Douglas, 29 Kan. 412. In these circumstances, the same rule would apply in determining whether the pleading is sufficient to support the judgment as that followed in determining the sufficiency of a petition. That rule is announced in Wagner v. Lucas, 79 Okla. 231, 193 Pac. 421, as follows:

"A judgment rendered by a court having jurisdiction is not void on account of an amendable defect or insufficiency in the petition, and will not be vacated for such reason upon petition filed by defendant after the term. It is sufficient that the allegations in the petition challenge a judicial inquiry."

See also Gibson v. Dizney, 72 Oklahoma, 178 Pac. 124; Stauffer v. Watts, 73 Oklahoma, 174 Pac. 1031.

The allegations of the answer in the instant case were sufficient to challenge a judicial inquiry as to the validity of the contract, and to challenge the attention of the court to the relief sought, to wit, the cancellation of the contract and such other equitable relief as was just and proper.

The judgment rendered thereon by the court, canceling the contract and quieting the title of defendant to the property described in the contract and barring the plaintiff from asserting any further rights therein, was not in excess of the jurisdiction of the court under the pleading filed, and, hence, the judgment so rendered constituted a bar to a further action by the plaintiff based upon the same contract. It is immaterial that the pleading filed in No. 8083 was designated an "answer" instead of "answer and cross-petition". If the facts pleaded were sufficient to authorize the granting of affirmative relief and affirmative relief was sought in the prayer, then it was the duty of the court to treat the answer as a cross-petition regardless of what the pleader called the same. Brown v. Massey, 19 Okla. 482, 92 Pac. 246.

The judgment of the trial court is affirmed.

JOHNSON, C. J., and McNEILL, KENNAMER, HARRISON, and BRANSON, JJ., concur.