JOHN SCHROEDER ET AL., APPELLANTS, V. HOMESTEAD
CORPORATION ET AL., APPELLEES, WILLIAM W.
FREELAND, INTERVENER-APPELLEE.
77 N. W. 2d 678

Filed June 29, 1956. No. 33986.

*William L. Walker* and *Roy M. Harrop,* for appellants.

*O'Hanlon & O'Hanlon,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

MESSMORE, J.

This is an action wherein John Schroeder and Roy M. Harrop, plaintiffs, make application for writ of scire facias for execution against Ned Tyson and Irma Tyson, husband and wife, and other defendants. The action is instituted under the Uniform Enforcement of Foreign Judgments Act, sections 25-1587 to 25-15,104, R. S. Supp., 1955, which became effective August 27, 1949, on a foreign judgment rendered December 30, 1952, in the district court for Harrison County, Iowa, an authenticated copy of said judgment being registered in the office of the

clerk of the district court for Washington County, Nebraska, on September 2, 1955.

This case is here on the transcript, there being no bill of exceptions presented on this appeal.

On January 6, 1956, the plaintiffs as above mentioned filed a pleading in the district court for Washington County, Nebraska, entitled: "Praecipe and application for writ of scire facias for execution on registered judgment and decree." The purpose of the action was to have execution issued by the clerk of the district court for Washington County, Nebraska, to the sheriff of said county directing the sheriff to place the applicants, John Schroeder and Roy M. Harrop, as owners of the said premises described in the registered judgment, in possession of the same, and for such other and further relief as might be just and equitable.

On January 10, 1956, Ned Tyson and Irma Tyson filed a motion for dismissal of the action with prejudice as to them, setting forth that they, as plaintiffs, jointly commenced an action in the district court for Washington County, Nebraska, to quiet their title in certain real estate in said county owned by them, in which action Roy M. Harrop and John Schroeder were made parties defendant, and were duly served and entered their appearance; that thereafter, on November 17, 1955, the district court for Washington County entered its decree finding that Ned Tyson and Irma Tyson were the owners in fee simple of the real estate described in their petition, free and clear of any rights, claims, interests, or titles of all the defendants including Roy M. Harrop and John Schroeder, and restrained all of the said defendants from setting up or asserting any right, title, interest, lien, claim, or demand in or to said real estate; and that said decree had not been appealed from and was final and conclusive, and that by the terms thereof the said Roy M. Harrop and John Schroeder were barred, restrained, and enjoined from thereafter asserting any right, claim, demand, or title in or to the real estate

described therein, including any rights or titles which they assert in the above-entitled action and which rights and titles so alleged and asserted in said action are by the pleadings of said plaintiffs (Ned Tyson and Irma Tyson) shown to have been acquired prior to the date of said quieting title action of these parties.

On January 19, 1956, the applicants, John Schroeder and Roy M. Harrop, filed a pleading entitled "resistance to motion for dismissal" wherein they alleged that there were no such lands as purported to be described in the judgment obtained by Ned Tyson and Irma Tyson, within the jurisdiction of the district court for Washington County, Nebraska, as shown by the United States government survey; that the lands owned by the applicants in their registered judgment embraced lands in which they had the legal title describing the same in Harrison County, Iowa, making the judgment a part of the pleadings; and alleged further that the district court for Washington County, Nebraska, was required to take judicial notice of the said judgment which was entitled to full faith and credit under the Iowa-Nebraska Boundary Compact of 1943, approved by the Nebraska Legislature on May 7, 1943. In addition, the applicants moved the court to enter judgment on the pleadings in their favor against Ned Tyson and Irma Tyson, to issue a writ of scire facias for execution, and deliver the same to the sheriff of Washington County, Nebraska, to place them in possession of the lands described in their registered judgment. In addition, the applicants requested that the motion of Ned Tyson and Irma Tyson for dismissal of their action be overruled and that they have judgment on the pleadings against the said defendants.

On January 19, 1956, the trial court sustained the motion of Ned Tyson and Irma Tyson for dismissal with prejudice, and allowed other defendants further time to plead.

From the order of dismissal with prejudice, plaintiffs

John Schroeder and Roy M. Harrop appeal to this court.

Before determining this appeal, we set forth the sections of the statutes involved under the Uniform Enforcement of Foreign Judgments Act.

Section 25-1587, R. S. Supp., 1955, provides in part as follows: "As used in sections 25-1587 to 25-15,104: (1) 'Foreign judgment' means any judgment, decree or order of a court of the United States or of any state or territory which is entitled to full faith and credit in this state. (2) 'Register' means to file and docket and record a foreign judgment in a court of this state."

Section 25-1588, R. S. Supp., 1955, provides: "On application made within the time allowed for bringing an action on a foreign judgment in this state, any person entitled to bring such action may have a foreign judgment registered in any court of this state having jurisdiction of such an action."

Section 25-1589, R. S. Supp., 1955, provides in part as follows: "A petition for registration shall set forth a copy of the judgment to be registered, the date of its entry and the record of any subsequent entries affecting it, * * * and a prayer that the judgment be registered."

Section 25-1594, R. S. Supp., 1955, provides: "Any defense, set-off, or counterclaim, which under the law of this state may be asserted by the defendant in an action on the foreign judgment may be presented by appropriate pleadings and the issues raised thereby shall be tried and determined as in other civil actions. Such pleadings must be filed within thirty days after personal jurisdiction is acquired over him or within thirty days after the mailing of the notice prescribed in section 25-1591."

Section 25-1597, R. S. Supp., 1955, provides: "An appeal may be taken by either party from any order sustaining or setting aside a registration on the same terms as an appeal from a judgment of the same court."

For convenience we will refer to the parties as designated in the district court.

The principal assignment of error and the one that determines this appeal may be stated as follows: The trial court erred in sustaining the defendants' motion to dismiss with prejudice the plaintiffs' action.

It is obvious that the defendants are relying on the defense of res judicata, that is, that the judgment obtained by them in the district court for Washington County, Nebraska, fixes the rights of the parties and terminates the controversy to any subsequent litigation as brought by the plaintiffs, and is conclusive evidence of those rights. See, Nelson v. Nelson, 152 Neb. 741, 42 N. W. 2d 654; Robinson v. Dawson County Irr. Co., 142 Neb. 811, 8 N. W. 2d 179; and other cases too numerous to cite.

We deem the following to be applicable.

As stated in Kralick v. Shuttleworth, 49 Idaho 424, 289 P. 74: "In any event the defense of res adjudicata cannot be raised by motion to dismiss. (34 C. J., p. 1058; Attica State Bank v. Benson, 8 Kan. App. 566, 54 Pac. 1037; Vyse v. Richards, 208 Mich. 383, 175 N. W. 392; Samples v. United Fuel Gas Co., 100 W. Va. 441, 130 S. E. 670; International Ry. Co. v. Prendergast, 29 Fed. (2d) 296.)"

In Auld v. Smith, 23 Kan. 65, it was held that only a final determination on the merits can be considered as an adjudication amounting to res judicata. See, also, Horstman v. Bowermaster, 90 Okl. 262, 217 P. 167; Hoskins v. Hays, 135 Okl. 262, 275 P. 347.

As stated in Samples v. United Fuel Gas Co., 100 W. Va. 441, 130 S. E. 670: "Nor should the motion to dismiss the Gas Company's petitions on the ground of former adjudication have been sustained, for the reason that there was no pleading on which an issue of that character could be based. The defense of res adjudicata must be plead and proved. * * * A motion to dismiss, or a motion to strike out, is not a pleading on which evidence of a former adjudication can be introduced. Hall v. Morris, 219 Pac. (Okla.) 903; 34 C. J. 1058, Sec. 1494;

Desert King Mining Co. v. Wedekind, 110 Fed. 873; Jordan v. Jordan, 175 Ala. 640; Coffee v. Groover, 20 Fla. 64, 77; Carlin's Hoggs Eq. Proc. 531, Sec. 403; Beall v. Walker, 26 W. Va. 741; 9 Ency. Pl. & Pr. page 616; Horstman v. Bowermaster, 217 Pac. 167; Keown v. Hughes, 265 Fed. 572." See, also, 30 Am. Jur., Judgments, § 254, p. 983; First State Bank v. Larsen, 72 Mont. 400, 233 P. 960; 50 C. J. S., Judgments, § 824, p. 393; In re Estate of McCleneghan, 145 Neb. 707, 17 N. W. 2d 923; Gutzmer v. Nelsen, 121 Neb. 214, 236 N. W. 614; Gregory v. Kenyon, 34 Neb. 640, 52 N. W. 685.

By the weight of authority, even where a judgment of the same court is pleaded as a bar or as conclusive on an issue, the existence and contents of the judgment must be proved by offering the record or a certified copy thereof in evidence. See Annotation, 96 A. L. R. 944.

In Divide Creek Irr. Dist. v. Hollingsworth, 72 F. 2d 859, 96 A. L. R. 937, it was held that in the trial courts, a claim of res judicata must be pleaded, and, if traversed, proof thereof must be made, and the material parts of the record of the former proceeding in the same court must be offered in evidence to sustain a plea of res judicata, in order that there may be a record upon which a review may be had. It was said in the annotation following the above case: "The court pointed out that, while the Supreme Court of the United States had sometimes wound up protracted litigation by taking judicial notice of its records in other cases, the situation is different in trial courts, whose judgments are subject to review, for which review a record must be made up, since an appellate court cannot take judicial notice of the records of every district in its jurisdiction."

The general rule is that a person relying upon the doctrine of res judicata as to a particular issue involved in the pending case bears the burden of introducing evidence to prove that such issue was involved and actually determined in the prior action. See 30 Am. Jur., Judg-

ments, § 283, p. 997. See, also, Wilch v. Phelps, 14 Neb. 134, 15 N. W. 361.

In Bush v. Tecumseh Nat. Bank, 64 Neb. 451, 90 N. W. 236, this court said: "We can not take judicial notice of the records of the district court. We can only consider such records of that court as are shown by the transcript. Thompson & Sons Mfg. Co. v. Nicholls, 52 Nebr., 312; Royal Trust Co. v. Exchange Bank, 55 Nebr., 663."

Judicial notice will not be taken of a judgment in another suit as res judicata, whether in the same court or another court, when not pleaded or given in evidence. See Pickens v. Coal River Boom Co., 66 W. Va. 10, 65 S. E. 865, 24 L. R. A. N. S. 354. The record must be either pleaded or given in evidence. United States v. Bliss, 172 U. S. 321, 19 S. Ct. 216, 43 L. Ed. 463.

The defendants filed a supplemental transcript in this court on April 19, 1956, setting forth a judgment obtained by Ned Tyson and Irma Tyson in another case and the record in said case to show the defense of res judicata in the instant case. The plaintiffs filed a motion to strike this supplemental transcript. This motion should be sustained. This is especially true in the light of the foregoing authorities cited.

The plaintiffs contend that their motion for judgment on the pleadings, which appears in their motion resisting the motion of the defendants for dismissal of the action against the plaintiffs with prejudice, should be sustained. This motion was not presented to the trial court. If the plaintiffs desired to present the motion they should have informed the trial court and had the trial court rule on it. This motion is not for determination here.

We conclude that the trial court committed prejudicial error in sustaining the defendants' motion to dismiss the plaintiffs' action with prejudice.

The judgment of the trial court should be and is hereby reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.