Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
10/30/2020 08:08 AM CDT

Gem City Bone and Joint, P.C., appellee, v.
Michael W. Meister and Michael
W. Meister, Attorney at Law,
P.C., L.L.O., appellants.

___ N.W.2d ___

Filed August 7, 2020.    No. S-19-849.

1. **Judgments: Jurisdiction: Appeal and Error.** A jurisdictional question that does not involve a factual dispute is determined by an appellate court as a matter of law, which requires the appellate court to reach a conclusion independent of the lower court's decision.

2. **Jurisdiction: Appeal and Error.** Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it.

3. **Jurisdiction: Final Orders: Appeal and Error.** For an appellate court to acquire jurisdiction over an appeal, there must be a final order or final judgment entered by the court from which the appeal is taken.

4. **Judgments: Final Orders: Words and Phrases.** A judgment is the final determination of the rights of the parties in an action.

5. **____: ____: ____.** A final judgment is one that disposes of the case by dismissing it either before hearing is had upon the merits or after trial by rendition of judgment for the plaintiff or defendant. Conversely, every direction of a court or judge, made or entered in writing and not included in a judgment, is an order.

6. **Judgments.** An order on "summary application in an action after judgment" under Neb. Rev. Stat. § 25-1902 (Supp. 2019) is an order ruling on a postjudgment motion in an action.

7. **Final Orders: Words and Phrases.** A "substantial right" is an essential legal right, not a mere technical right.

8. **Final Orders.** A substantial right is affected if the order affects the subject matter of the litigation, such as diminishing a claim or defense that was available to an appellant prior to the order from which an appeal is taken.

9. ____. It is not enough that the right itself be substantial; the effect of the order on that right must also be substantial.

10. ____. Whether the effect of an order is substantial depends on whether it affects with finality the rights of the parties in the subject matter.

11. **Final Orders: Appeal and Error.** Most fundamentally, an order affects a substantial right when the right would be significantly undermined or irrevocably lost by postponing appellate review.

12. **Foreign Judgments: Jurisdiction: Collateral Attack: Presumptions.** While it is presumed that a foreign court rendering a judgment had jurisdiction over the parties, a foreign judgment can be collaterally attacked by evidence that the rendering court was without such jurisdiction, so long as the attack is timely done within the framework of the Nebraska Uniform Enforcement of Foreign Judgments Act.

Appeal from the District Court for Scotts Bluff County: DEREK C. WEIMER, Judge. Judgment vacated.

Michael W. Meister for appellants.

Andrew W. Snyder, of Chaloupka, Holyoke, Snyder, Chaloupka & Longoria, P.C., L.L.O., for appellee.

HEAVICAN, C.J., MILLER-LERMAN, CASSEL, STACY, FUNKE, PAPIK, and FREUDENBERG, JJ.

FREUDENBERG, J.
NATURE OF CASE
Michael W. Meister and his professional corporation, Michael W. Meister, Attorney at Law, P.C., L.L.O. (individually and collectively Meister), appeal from the denial of his motion to quash and vacate in a garnishment action, which sought to collaterally attack a Wyoming judgment obtained by Gem City Bone and Joint, P.C. (Gem City), against Meister. Earlier in the registration and enforcement process, Meister and his professional corporation challenged the foreign judgment, claiming the Wyoming court lacked personal jurisdiction to enter a judgment against either his professional corporation or himself, personally. The district court rejected their argument and permitted the registration of the foreign order. Meister and his professional corporation failed

to timely appeal the district court's decision. Gem City then requested a garnishment to enforce the registered judgment against Meister individually, which prompted Meister to file a motion to quash the garnishment and to vacate the Wyoming judgment. The district court denied Meister's motion to quash and vacate. Meister appeals.

## BACKGROUND

Meister, an attorney in Scottsbluff, Nebraska, represented Alejandra Garza (Alejandra), a minor, in a personal injury matter. During the course of that representation, it was determined that Alejandra needed surgery. The doctor treating Alejandra recommended that the surgery be performed by Gem City in Laramie, Wyoming. Alejandra's father signed an authorization for treatment and an assignment from any potential settlement proceeds to ensure payment of Alejandra's surgery.

Following the surgery, but before settlement occurred, Alejandra's father passed away and Alejandra obtained the age of majority. Upon settlement, Gem City requested the full amount billed for the treatment, $15,337. Meister disputed this billing, claiming that Gem City should have billed Medicaid and that Nebraska law did not permit Gem City to charge above the Medicaid reimbursement rate of $5,112.33.

A settlement was not reached, and Gem City pursued, in Wyoming, a breach of contract action against Meister and his professional corporation to recover the portion of the settlement assigned to them. Meister entered an appearance in Wyoming, filing a "Rule 12" motion to dismiss for (1) lack of subject matter jurisdiction, (2) lack of personal jurisdiction, (3) improper venue, and (4) failure to state a claim upon which relief can be granted. Before the motion was ruled upon, Meister withdrew the lack of venue and subject matter claims.

Gem City's jurisdictional allegations are contained in the pleadings of the original Wyoming action. Such allegations asserted that the assignment to Gem City has Meister's name listed as the attorney of record. The signature block contains

a stamp for "Michael Meister," and the assignment was faxed from Meister's professional corporation's office in Scottsbluff to Gem City. It is further asserted that after receiving the settlement money on the original claim, Meister sent emails to negotiate payment with Gem City. Gem City claims that Meister and his professional corporation's involvement in the assignment and the negotiation emails qualify as directed activities and that Meister and his professional corporation should have expected to be sued in Wyoming in the event of a breach. In addition, Gem City pleads that personal jurisdiction over Meister and his professional corporation was proper because Meister acted in both a personal and professional capacity in representing his client.

There was a hearing on the jurisdiction issue in Wyoming, but the record does not show that any evidence was produced. The district court in Wyoming denied Meister and his professional corporation's motion and proceeded to trial. Neither Meister nor his professional corporation appeared, and the Wyoming court entered default judgment against Meister and his professional corporation, jointly and severally. The Wyoming judgment was not appealed.

Gem City submitted the Wyoming judgment for filing in the district court for Scotts Bluff County pursuant to Neb. Rev. Stat. § 25-1587.03 (Reissue 2016) of the Nebraska Uniform Enforcement of Foreign Judgments Act (NUEFJA).[1] Meister and his professional corporation first responded by making a motion to dismiss, claiming that the applicant is not an attorney licensed to practice in the State of Nebraska and that the foreign judgment creditor is a professional corporation. This motion was overruled. Shortly thereafter, Meister and his professional corporation filed a pleading entitled "Response to Foreign Judgment," where they again raised the issue of personal jurisdiction. They claimed that Meister and his professional corporation lacked sufficient contacts with the State

---

[1] Neb. Rev. Stat. §§ 25-1587.01 to 25-1587.09 (Reissue 2016 & Cum. Supp. 2018).

of Wyoming and that "the court lacked jurisdiction, such to offend the due process clause of the fourteenth amendment." The pleading sought the vacation of the foreign judgment.

Following a hearing in which both parties presented evidence, the district court rejected Meister and his professional corporation's argument and found that they had failed to rebut the presumption that the Wyoming court had personal jurisdiction.[2] The district court entered an order overruling Meister and his professional corporation's request to vacate, which the court referred to as "overruling their motion to dismiss," and permitted the registration of the Wyoming judgment on March 25, 2019. In the order, the district court made no distinctions between Meister as an individual and Meister's professional corporation.

An appeal was filed on April 25, 2019. However, the Nebraska Court of Appeals determined that the appeal was untimely and dismissed it pursuant to Neb. Ct. R. App. P. § 2-107(A)(2) (rev. 2017).

After registering the judgment, the district court ordered garnishment against Meister personally. There is nothing in the record showing Gem City pursued collection efforts against Meister's professional corporation following the registration of the Wyoming judgment. Meister moved to quash the garnishment and vacate the "judgment registered in the above captioned matter." Once again, Meister raised the argument that the Wyoming court did not have personal jurisdiction over him. Meister also argued that because he had legitimate defenses to the default judgment in Wyoming, the court should vacate the entry of the foreign judgment and allow him to raise his defenses in an action in Nebraska.[3]

The district court overruled Meister's motions to quash and vacate on August 19, 2019, reasoning Neb. Rev. Stat. § 25-2001 (Reissue 2016) does not give Nebraska courts the

---

[2] See, *Olson v. England*, 206 Neb. 256, 292 N.W.2d 48 (1980); *Repp v. Repp*, 156 Neb. 45, 54 N.W.2d 238 (1952).

[3] See *Miller v. Steichen*, 268 Neb. 328, 682 N.W.2d 702 (2004).

authority to vacate the judgment of a court in a sister state. It also noted that Meister had an opportunity to appeal the order registering the foreign judgment but had failed to timely do so.

On August 21, 2019, the district court entered an order for Meister's property to be delivered to the court. On September 5, Meister filed a notice of appeal.

## ASSIGNMENTS OF ERROR

Meister assigns that the district court erred by finding that the Wyoming court had personal jurisdiction over Meister and his professional corporation. He also assigns as error the failure by the district court to treat the judgment like a Nebraska judgment, which can be vacated where there is a valid defense to the judgment and the judgment was entered as a default judgment rather than a judgment entered on the merits.[4]

## STANDARD OF REVIEW

[1] A jurisdictional question that does not involve a factual dispute is determined by an appellate court as a matter of law, which requires the appellate court to reach a conclusion independent of the lower court's decision.[5]

## ANALYSIS

[2,3] As a preliminary matter, we must determine whether this appeal is properly before the court as a final order or judgment. Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it.[6] For an appellate court to acquire jurisdiction over an appeal, there must be a final order or final judgment entered by the court from which the appeal is taken.[7]

---

[4] See *id.*

[5] *Green v. Seiffert*, 304 Neb. 212, 933 N.W.2d 590 (2019).

[6] *In re Adoption of Madysen S. et al.*, 293 Neb. 646, 879 N.W.2d 34 (2016).

[7] *Id.*

[4,5] We have explained that a judgment is the final determination of the rights of the parties in an action.[8] A final judgment is one that disposes of the case by dismissing it either before hearing is had upon the merits or after trial by rendition of judgment for the plaintiff or defendant.[9] Conversely, every direction of a court or judge, made or entered in writing and not included in a judgment, is an order.[10] The orders entered in a NUEFJA proceeding are not the result of a trial, nor do any of the orders finally decide the rights of a party in an action. A party registers a foreign judgment and then can pursue enforcement using a series of orders until the judgment is satisfied.[11] Under this definition, all of the entries by the district court below, executed under the same case number, are orders entered after the judgment is registered. Therefore, the question is whether we currently have before us a final order.

Neb. Rev. Stat. § 25-1902 (Supp. 2019) defines final orders and currently states:

(1) The following are final orders which may be vacated, modified, or reversed:

(a) An order affecting a substantial right in an action, when such order in effect determines the action and prevents a judgment;

(b) An order affecting a substantial right made during a special proceeding;

(c) An order affecting a substantial right made on summary application in an action after a judgment is entered[.]

First, we must determine what kind of proceeding is involved to determine if it fits within a subsection of § 25-1902(1). We find subsection (1)(c) of § 25-1902 applicable to our final order analysis in the present case. This type of order has two

---

[8] *Id.*

[9] *Id.*

[10] *Id.*

[11] See §§ 25-1587.01 to 25-1587.09.

requirements. First, it must be an order on "summary application in an action after a judgment is entered." Second, the order must affect a substantial right.

We note that under a previous version of the NUEFJA, the registration was a separate action that ended with the registration that was a final judgment amenable to immediate appeal. Under the prior statutory scheme, a judgment debtor had 30 days to respond to the registration, whereby a defendant could plead a lack of jurisdiction and have the registration set aside.[12] The court's ruling on such challenge was determined upon the court's ultimate judgment registering or refusing to register the foreign judgment.[13] Under the prior scheme, the failure to take advantage of the statutory procedure to challenge the jurisdiction of the foreign judgment before its registration resulted in a waiver of such claim and the court's registration operated in subsequent, separate enforcement actions, as claim preclusion on the question of the jurisdiction of the foreign court.[14]

In contrast, under the current version of the NUEFJA, the statutes no longer provide for a separate action only for the registration resulting in a final judgment of registration in which the court necessarily made a final determination of the foreign court's jurisdiction.[15] Instead, once the judgment is registered by the clerk of the court, the creditor may then proceed with enforcement. Under the current scheme, the registration does not determine the jurisdiction of the foreign court; rather, the statutory scheme expressly provides that the registered foreign judgment is subject to the same procedures

---

[12] See Neb. Rev. Stat. §§ 25-1587 to 25-15,104 (Reissue 1989). See, also, *Olson v. England, supra* note 2; *Schroeder v. Homestead Corp.*, 163 Neb. 43, 77 N.W.2d 678 (1956).

[13] See § 25-1597. See, also, *Schroeder v. Homestead Corp., supra* note 12.

[14] See, generally, *Hara v. Reichert*, 287 Neb. 577, 843 N.W.2d 812 (2014); *Schroeder v. Homestead Corp., supra* note 12.

[15] See §§ 25-1587.01 to 25-1587.09. See, also, *Deuth v. Ratigan*, 256 Neb. 419, 590 N.W.2d 366 (1999).

and challenges as a Nebraska judgment, which the statute contemplates will occur after its ministerial registration with the clerk of the court.[16]

Such challenges are brought by motions challenging the creditor's enforcement actions against the debtor's assets.[17] The creditor may seek enforcement through a whole series of orders directing the transfer of specific property to satisfy the judgment while it remains enforceable. Likewise, the judgment debtor may make motions to stay or vacate the enforcement in a variety of situations.[18]

[6] We have explained that an order on "'summary application in an action after judgment'" under § 25-1902 is an order ruling on a postjudgment motion in an action.[19] We find that motions to vacate the registration of a foreign judgment should be treated in a similar fashion as motions challenging garnishment and execution under other sections of chapter 25 of the Nebraska Revised Statutes.[20] Each motion that a debtor or creditor makes after a judgment is registered under the NUEFJA constitutes a postjudgment motion.[21] Thus, the court order presently appealed, ruling on Meister's motions to vacate and quash, meets the first requirement to be a final order under § 25-1902(1)(c).

[7-11] The last step to determine if we have a final order is to ascertain whether a substantial right has been affected. A "substantial right" is an essential legal right, not a mere technical right.[22] A substantial right is affected if the order

---

[16] See § 25-1587.03.

[17] See *Deuth v. Ratigan, supra* note 15.

[18] See § 25-1587.05.

[19] *Heathman v. Kenney*, 263 Neb. 966, 969, 644 N.W.2d 558, 561 (2002).

[20] See *Cattle Nat. Bank & Trust Co. v. Watson*, 293 Neb. 943, 880 N.W.2d 906 (2016).

[21] See § 25-1587.03.

[22] *Simms v. Friel*, 302 Neb. 1, 921 N.W.2d 369 (2019) (citing *Steven S. v. Mary S.*, 277 Neb. 124, 760 N.W.2d 28 (2009)).

affects the subject matter of the litigation, such as diminishing a claim or defense that was available to an appellant prior to the order from which an appeal is taken.[23] It is not enough that the right itself be substantial; the effect of the order on that right must also be substantial.[24] Whether the effect of an order is substantial depends on whether it affects with finality the rights of the parties in the subject matter.[25] Most fundamentally, an order affects a substantial right when the right would be significantly undermined or irrevocably lost by postponing appellate review.[26]

In the present case, we have a series of orders ruling upon motions that Meister made to challenge the registration of the Wyoming judgment. Subsequently, the court issued an order overruling Meister's motions to quash and vacate the garnishment of his property, which Meister appealed. We hold that orders denying motions to vacate a foreign judgment affect a substantial right. Once the court ordered the garnishment of his bank account, forcing Meister to postpone his appeal from such order would significantly undermine his right to the use and enjoyment of his property. Thus, we have held in other cases that an order to quash a garnishment clearly affects a substantial right.[27] We find that the court order denying the motion to quash and vacate was a final order pursuant to § 25-1902(1)(c) and that Meister has timely appealed the matter to this court. Therefore, we have jurisdiction over this appeal.

Although the court had previously determined Meister's jurisdictional challenge in ruling on a previous motion to

---

[23] *Id.*

[24] *Simms v. Friel, supra* note 22. See, also, *Cano v. Walker*, 297 Neb. 580, 901 N.W.2d 251 (2017).

[25] *Id.*

[26] *Simms v. Friel, supra* note 22. See, also, *Tilson v. Tilson*, 299 Neb. 64, 907 N.W.2d 31 (2018).

[27] See *Shawn E. on behalf of Grace E. v. Diane S.*, 300 Neb. 289, 912 N.W.2d 920 (2018). See, also, *Western Ethanol Co. v. Midwest Renewable Energy*, 305 Neb. 1, 938 N.W.2d 329 (2020).

vacate, and Meister failed to timely appeal that order, Meister is not bound by the court's prior determination. The doctrines of issue and claim preclusion do not apply to orders issued in the same proceedings.[28] We have explained that both issue and claim preclusion are triggered only when there are successive suits dealing with the same claim(s) or issue(s) between the same parties or related parties.[29] In the present case, we have successive orders issued by the same court in the same case. We also note that issue and claim preclusion are matters that ordinarily must be timely raised as a defense by the opposing party or else they are waived.[30] At no point below did Gem City raise in response to Meister's motion to quash and vacate the defense of issue or claim preclusion. We find that Meister is not barred from litigating in this appeal the question of whether the Wyoming judgment is void for lack of jurisdiction.

## Meister's Personal Jurisdiction Challenge

Having determined that the district court's order authorizing the garnishment of Meister's personal bank account is properly before us, we turn to Meister's assignments of error. Meister contends, first, that the district court for Scotts Bluff County failed to find as a matter of law that the Wyoming court was without jurisdiction. Second, Meister contends that if registration was proper, the court should vacate the registration and Meister should receive a trial on the merits, pursuant to *Miller v. Steichen*.[31] We conclude that the Wyoming court was without personal jurisdiction over Meister as an individual, and because the Wyoming judgment is void against Meister as an

---

[28] See *Money v. Tyrrell Flowers*, 275 Neb. 602, 748 N.W.2d 49 (2008).

[29] See *id.*

[30] See *Ballard v. Union Pacific RR. Co.*, 279 Neb. 638, 781 N.W.2d 47 (2010). See, also, *DeCosta Sporting Goods, Inc. v. Kirkland*, 210 Neb. 815, 316 N.W.2d 772 (1982).

[31] See *Miller v. Steichen, supra* note 3.

individual, we need not address Meister's second assignment of error.

[12] While it is presumed that a foreign court rendering a judgment had jurisdiction over the parties, a foreign judgment can be collaterally attacked by evidence that the rendering court was without such jurisdiction, so long as the attack is timely done within the framework of the NUEFJA.[32] We note that the jurisdictional question on appeal applies solely to Meister as an individual, because the August 21, 2019, order for garnishment was of Meister's personal bank account. We decline to address the hypothetical question of whether jurisdiction would be proper over Meister's professional corporation, because such issue is not currently before us.

The Wyoming court's exercise of jurisdiction comes from Wyo. Stat. Ann. § 5-1-107 (2019), which provides: "(a) A Wyoming court may exercise jurisdiction on any basis not inconsistent with the Wyoming or United States constitution." Thus, Wyoming courts have adopted the personal jurisdiction framework created by federal precedent.[33] That framework focuses on the limitations to jurisdiction under the Due Process Clause of the 14th Amendment to the U.S. Constitution.

The Due Process Clause authorizes personal jurisdiction if two elements are met. First, a defendant must have "purposefully established 'minimum contacts' within the forum State."[34] Second, the assertion of personal jurisdiction must comport with traditional notions of fair play and substantial justice.[35]

---

[32] *First Fed. Sav. & Loan Assn. v. Wyant*, 238 Neb. 741, 472 N.W.2d 386 (1991).

[33] See, *O'Bryan v. McDonald*, 952 P.2d 636 (Wyo. 1998); *Markby v. St. Anthony Hosp. Systems*, 647 P.2d 1068 (Wyo. 1982).

[34] See *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985) (citing *Internat. Shoe Co. v. Washington*, 326 U.S. 310, 66 S. Ct. 154, 90 L. Ed. 95 (1945)).

[35] See *id.*

Wyoming has adopted a three-part test for personal jurisdiction under these principles: (1) The defendant must purposefully avail himself of the privilege of acting in the forum state or of causing important consequences in that state, (2) the cause of action must arise from the consequences in the forum state of the defendant's activities, and (3) the activities of the defendant or the consequences of those activities must have a substantial enough connection with the forum state to make the exercise of jurisdiction reasonable.[36]

Gem City brought the original action against Meister, individually, and his professional corporation. For jurisdictional purposes, these are separate entities.[37] One of the primary purposes of incorporation is to create a separate legal entity that limits personal liability for the shareholders.[38] A professional corporation enjoys such protections as provided to other corporations under the laws of the state in which it is incorporated. Thus, the issue of whether the Wyoming court had jurisdiction over Meister's professional corporation and over Meister personally are distinct questions.

Whether the Wyoming court had personal jurisdiction over Meister as an individual depends upon actions in the record that can be attributed to Meister personally and which satisfy constitutional requirements. Under the principles of corporate law, it is generally held that "[w]here the acts of individual principals of a corporation in the jurisdiction were carried out solely in the individuals' corporate or representative capacity, the corporate structure will ordinarily insulate the individuals from the court's jurisdiction."[39] This principle prevents a court

---

[36] See *O'Bryan v. McDonald, supra* note 33.

[37] See *State v. Nugget Coal Co.*, 60 Wyo. 51, 144 P.2d 944 (1944).

[38] See Wyo. Stat. Ann. §§ 17-16-101 to 17-16-1720 (2019). See, also, *State v. Nugget Coal Co., supra* note 37.

[39] See *Ten Mile Indus. Park v. Western Plains Service*, 810 F.2d 1518, 1527 (10th Cir. 1987). See, also, *Newsome v. Gallacher*, 722 F.3d 1257 (10th Cir. 2013).

from exercising jurisdiction over the representatives of a corporation based on a finding that jurisdiction over the corporation is proper unless it can be shown that the facts compel the court to pierce the corporate veil.[40]

Gem City did not plead, nor has it argued at any point in these proceedings, that the actions of Meister warrant the piercing of the corporate veil, so as to treat Meister's professional corporation as an alter ego of Meister individually. Likewise, the Wyoming court gave no indication that it was applying this doctrine to find that jurisdiction over Meister as an individual was warranted. Absent such a finding from the Wyoming court, we must conclude that Meister's professional corporation is a separate legal entity from Meister as an individual.

On the record before us, we are unable to identify any actions in the pleadings or at subsequent hearings that can be attributed to Meister as an individual, which would lead us to find that the Wyoming court had jurisdiction over Meister as an individual. All of the actions by Meister identified by the pleadings constitute actions by Meister's professional corporation in the course of representing Alejandra. Neither Gem City nor the Wyoming court provides any precedent that imputes actions done in a professional capacity to an individual personally for jurisdictional purposes.

General principles of corporate law provide that the burden is on Gem City to show why piercing the corporate veil would be appropriate before jurisdiction is gained over Meister individually for the actions taken by Meister's professional corporation. All of the communications by fax and email were done by Meister as an agent of his professional corporation. Gem City's pleadings do not separate actions taken by Meister's professional corporation and by Meister himself, and although there was a hearing on Meister's motion to dismiss, no additional evidence was offered. Likewise, all of the facts recited by the Wyoming court in support of finding jurisdiction are

---

[40] See *Ten Mile Indus. Park v. Western Plains Service, supra* note 39.

actions taken by Meister's professional corporation. On these facts, there is not a single action in our record that can be attributed to Meister as an individual that would subject him to Wyoming jurisdiction.

In order to satisfy constitutional requirements for jurisdiction, there must be some action taken by the party that makes the exercise of personal jurisdiction proper. Without any actions taken by Meister as an individual that can satisfy the minimum contacts requirements for jurisdiction, we must conclude that the Wyoming court improperly exercised personal jurisdiction over Meister as an individual. Without jurisdiction, the Wyoming order is void as to Meister as an individual.[41] The order entered by the district court for Scotts Bluff County on August 21, 2019, garnishing Meister's bank account must be vacated because it is based on the registration of a void judgment.

## CONCLUSION

The only order properly before us on appeal is the August 21, 2019, order, which garnishes Meister's personal bank account. On the facts presented, we find that the Wyoming court incorrectly determined that it had jurisdiction of Meister as an individual. We make no finding as to whether there was personal jurisdiction over Meister's professional corporation. Because we are vacating the Nebraska order garnishing Meister's personal bank account, we need not address Meister's second assignment of error.

JUDGMENT VACATED.

---

[41] See *First Fed. Sav. & Loan Assn. v. Wyant, supra* note 32.