## IN RE SUPREME COURT COMMISSIONERS.

### FILED DECEMBER 9, 1916. No. 19964.

PER CURIAM.

In several cases that have been submitted to the supreme court commission and decided by the court, motions for rehearing have been filed. The contention is made that the act of 1915 creating the supreme court commission is unconstitutional and void, because the appellant has been deprived of his right to be heard in the court of last resort, as provided for in the Bill of Rights: "The right to be heard in all civil cases in the court of last resort, by appeal, error, or otherwise, shall not be denied." Const., art. I, sec. 24. It is said, also, that the act deprives appellant of its property without due process of law, and denies it the equal protection of the laws, as guaranteed by the Fourteenth amendment to the Constitution of the United States. In one case it is urged that full findings of fact were not made by the commission as required by the statute; that permission "to be heard on printed briefs and by oral argument * * * before the commission" is insufficient, for the reason that the commission is not the court; that the provision that the unsuccessful party "shall have his motion for rehearing before the commission" is an attempt to take away its constitutional right to be heard before the court. It is said that the evident purpose of the act is to "clear the docket, regardless of judicial proceedings," and the only thing left for the supreme court is the perfunctory duty to approve and adopt the report of the commission and have it spread upon the records; there being no provision that the court may disapprove the report or order a rehearing of the case.

Much reliance is placed upon the opinion in the case of *State v. Noble,* 118 Ind. 350, 10 Am. St. Rep. 143, de-

cided in 1888, which holds that, though the commissioners provided for by the Indiana act were merely assistants of the court, it purported to confer judicial power upon them, and was therefore unconstitutional. In this state —mainly on account, no doubt, of the provision of the Bill of Rights referred to, which is unique, and is not found in the Constitution of any other state, and which has done much to delay justice and to enable the poor litigant to be worn out by unwarranted and vexatious appeals to an already overburdened court merely for delay—it became necessary, nearly a quarter of a century ago, to provide assistance to this court.

The first act providing for supreme court commissioners was passed in 1893. The purport of the act, in so far as it prescribed the duties of commissioners, is the same as in the present act. In *In re Supreme Court Commissioners,* 37 Neb. 655, its constitutionality was upheld on the ground that the commissioners were not judges and their opinions were of no force or validity until examined and approved by the court. In *Randall v. National Building, Loan & Protective Union,* 43 Neb. 876, the question was again considered and the same conclusion reached. A like result was arrived at in California. *People v. Hayne,* 83 Cal. 111, 7 L. R. A. 348. All these cases were decided after the decision in the *Noble* case was published.

Under the practice in this court, in all cases assigned to the commission for examination a written report of the facts disclosed by the record is made to each member of the court, and a proposed journal entry submitted; these reports are examined by each judge, sometimes they are approved, sometimes they are referred to the commission for further information. If the court has any doubt with respect to the facts stated or conclusions reached by the commission, it is not infrequent to set the case for reargument before the court proper. The court itself exercises its judgment upon each case, and not until the court is satisfied is the report of the commission approved, and a judgment rendered. In the case of motions for

rehearing, like reports are made. The case is then assigned specially for examination and report as in cases heard before the court proper, and not until the report made by a member of the court has been examined and passed on by the court is the motion for rehearing sustained or denied.

The objection, in one of the cases tried to a jury, that full findings of fact have not been made cannot be sustained. The law makes the jury the determining body with respect to the facts, and if there is evidence sufficient to support the verdict, and it is not clearly or manifestly wrong, it will not be interfered with by a reviewing court. If the statements of fact made by the commission to the court convince it that the evidence is sufficient to sustain the verdict, it is unnecessary to recite these facts at length in the journal. A detailed statement of the facts is not given in a large proportion of the opinions filed by the court. There is no more necessity for it in the one case than in the other.

Objection is made in some of the briefs because the act authorizes the judges of the supreme court to appoint three supreme court commissioners "who shall first be recommended for such appointment by the governor." The court is under no obligation to appoint commissioners at all. Unless the men whose names were suggested by the governor had commended themselves to the court as proper and fit persons in point of character and ability to fill such responsible positions they would never have been appointed.

Justice delayed is often justice denied. The serious condition in which the people of the state have been placed by the absence of restriction upon the right of appeal and the consequent delay convinced us that it was for the public welfare that the court be not unduly sensitive as to its clear and undoubted constitutional right to ignore or reject all recommendations for the appointment, by whomsoever made, and, when the names of fit and proper men were suggested, to make the appointment

from the list. The work of the commission has justified the selection made. That portion of the act which attempts to confine the right to appoint to nominees of the governor is clearly void. Neither the legislature nor the governor has the right to dictate whom the court shall appoint as its referees or assistants. The court might as well assume to appoint the chief clerk or sergeant-at-arms of each house of the legislature. The court, the legislature, and the executive are co-ordinate branches of the state government, and under the Constitution neither can exercise powers conferred by the people upon the other.

The act, if strictly and literally construed, is in part violative of some constitutional provisions, but the void portions may be and have been disregarded as unessential, and, as construed by the court, a valid act is left.

The report of the findings made by the commission is similar to the report of a referee, and is not in any sense a judgment. The reports are not approved *pro forma*. The commission renders no judgments, makes no orders, exercises no judicial functions.

The act is an authorization by the legislature that commissioners or referees may be appointed to aid in disposing of the accumulated work, and, no appropriation having been made, it imposes a moral obligation to compensate these authorized assistants. Such an act is valid.