Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
05/26/2020 09:07 AM CDT

Jeremy Barnett, appellant, v. Happy Cab Co.,
a Nebraska corporation,
et al., appellees.

___ N.W.2d ___

Filed May 26, 2020.    No. A-19-510.

1. **Pleadings: Judgments: Appeal and Error.** A motion to alter or amend a judgment is addressed to the discretion of the trial court, whose decision will be upheld in the absence of an abuse of that discretion.
2. **Judges: Words and Phrases.** A judicial abuse of discretion exists when the reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying just results in matters submitted for disposition.
3. **Appeal and Error.** Although an appellate court ordinarily considers only those errors assigned and discussed in the briefs, the appellate court may, at its option, notice plain error.
4. **Appeal and Error: Words and Phrases.** Plain error exists where there is an error, plainly evident from the record but not complained of at trial, which prejudicially affects a substantial right of a litigant and is of such a nature that to leave it uncorrected would cause a miscarriage of justice or result in damage to the integrity, reputation, and fairness of the judicial process.
5. **Contracts: Parties: Intent.** To create a contract, there must be both an offer and an acceptance; there must be a meeting of the minds or a binding mutual understanding between the parties to a contract.
6. **____: ____: ____.** A fundamental and indispensable basis of any enforceable agreement is that there be a meeting of the minds of the parties as to the essential terms and conditions of the proposed contract.
7. **____: ____: ____.** A binding mutual understanding or meeting of the minds sufficient to establish a contract requires no precise formality or express utterance from the parties about the details of the proposed agreement; it may be implied from the parties' conduct and the surrounding circumstances.

- 439 -

Nebraska Court of Appeals Advance Sheets
28 Nebraska Appellate Reports
BARNETT v. HAPPY CAB CO.
Cite as 28 Neb. App. 438

8. **Contracts.** It is a fundamental rule that in order to be binding, an agreement must be definite and certain as to the terms and requirements. It must identify the subject matter and spell out the essential commitments and agreements with respect thereto.
9. **Compromise and Settlement.** The object of Neb. Rev. Stat. § 25-901 (Cum. Supp. 2018) is to encourage litigants to compromise their differences.
10. \_\_\_\_. In reaching a compromise, a party may make a counteroffer during negotiations. In other words, the purpose of a confessed judgment and its acceptance is to have the parties agree upon a final resolution, and this necessarily requires a meeting of the minds as to the terms of that resolution.
11. \_\_\_\_. Where an acceptance differs from an offer and is coupled with any condition that varies or adds to the offer, it is not an acceptance; rather, it is a counteroffer.

Appeal from the District Court for Douglas County: J. Michael Coffey, Judge. Reversed and vacated, and cause remanded with directions.

John C. Fowles, of Fowles Law Office, P.C., L.L.O., for appellant.

Benjamin E. Maxell, of Govier, Katskee, Suing & Maxell, P.C., L.L.O., for appellees.

Riedmann and Bishop, Judges.

Per Curiam.

## INTRODUCTION

Jeremy Barnett appeals from an order of the district court for Douglas County which found that a confessed judgment agreement was intended to apply to Happy Cab Co. (Happy Cab), Checker Cab Co. (Checker Cab), and Richard C. Kincaid (collectively appellees), rather than just Happy Cab, as the court had previously determined. The court granted appellees' motion to alter or amend the court's previous order and entered an "Amended Order of Judgment," entering judgment in favor of Barnett and against appellees in the amount of $75,000. Based on the reasons that follow, we reverse the trial

- 440 -

Nebraska Court of Appeals Advance Sheets
28 Nebraska Appellate Reports
BARNETT v. HAPPY CAB CO.
Cite as 28 Neb. App. 438

court's May 9, 2019, order and vacate the May 9 "Amended Order of Judgment" and we remand the cause with directions to reverse the April 15 "Order" and vacate the order entering judgment on April 15.

## BACKGROUND

On March 3, 2015, Barnett filed a first amended complaint for personal injuries and damages against appellees and John Doe Cab Company. Barnett alleged that on January 2, 2011, he was getting into a "Checker Cab" driven by Kincaid when the cab began moving and Barnett was injured. He also alleged that Kincaid was an employee of Happy Cab, Checker Cab, and/or John Doe Cab Company and that Kincaid's negligence was imputed to Happy Cab and/or Checker Cab under the doctrine of respondeat superior.

Happy Cab and Checker Cab filed a joint answer admitting they were Nebraska corporations and denying Kincaid was their employee. Kincaid filed a separate answer denying he was an employee of either cab company. Both answers were filed by the same attorney. John Doe Cab Company was dismissed from the case on July 2, 2015.

On March 7, 2019, a few days before the scheduled jury trial, appellees' counsel filed an offer to confess judgment in the amount of $75,000. Barnett filed his acceptance of the offer to confess judgment as to Happy Cab and its liability insurer, Paratransit Insurance Co. (Paratransit Insurance), only.

Trial on Barnett's first amended complaint was scheduled for March 11, 2019. On that day, the court was advised that an offer to confess judgment had been filed and that Barnett had filed an acceptance of the offer. The issue at the hearing became whether the offer to confess judgment applied only to Happy Cab or to all appellees. Counsel for Barnett argued that the offer to confess judgment and acceptance thereof applied only to Happy Cab; counsel for appellees argued that the offer and acceptance applied to all appellees and that Checker Cab and Kincaid should be dismissed as defendants.

- 441 -

Nebraska Court of Appeals Advance Sheets
28 Nebraska Appellate Reports
BARNETT v. HAPPY CAB CO.
Cite as 28 Neb. App. 438

An independent contractor agreement between Happy Cab and Kincaid was offered and received into evidence. The court also took judicial notice of the first amended complaint, the answers of the defendants, the offer to confess judgment, and the acceptance of the offer.

On April 15, 2019, the trial court entered an order overruling Checker Cab's and Kincaid's motions to dismiss, finding that the offer to confess judgment did not apply to Checker Cab or Kincaid. The court entered an "Order" of judgment the same day finding that Happy Cab and Paratransit Insurance made and filed an offer to confess judgment in the amount of $75,000 and that Barnett filed an acceptance of the offer. The order further stated that a judgment should be entered on behalf of Barnett and against Happy Cab only in the amount of $75,000.

On April 23, 2019, appellees filed a motion to alter or amend, alleging that the court erred in finding that the offer to confess judgment did not include Checker Cab or Kincaid. The motion stated that Checker Cab is a trade name of Happy Cab and that they are "one in the same." In regard to Kincaid, the motion alleged that a valid release of either the master or servant from liability for tort operates to release the other where liability is based on the doctrine of respondeat superior.

Following a hearing on appellees' motion to alter or amend, the court entered an order on May 9, 2019, finding that the offer to confess judgment was intended to apply to all appellees and that therefore, the motion to alter or amend should be sustained and a judgment entered in favor of Barnett and against all appellees in the amount of $75,000. The court also entered an "Amended Order of Judgment" finding that appellees filed an offer to confess judgment in the amount of $75,000 including costs, and Barnett filed an acceptance of said offer, and that therefore, judgment should be entered on behalf of Barnett and against appellees in the amount of $75,000.

- 442 -

Nebraska Court of Appeals Advance Sheets
28 Nebraska Appellate Reports
BARNETT v. HAPPY CAB CO.
Cite as 28 Neb. App. 438

## ASSIGNMENTS OF ERROR

Barnett assigns, restated, that the trial court erred in (1) finding that the offer to confess judgment applied to all appellees; (2) its application of the "'intent'" rule and rebuttable presumption set forth in *Podraza v. New Century Physicians of Neb.*, 280 Neb. 678, 789 N.W.2d 260 (2010); and (3) entering a confusing amended order of judgment that is unclear as to its effect on the prior order.

## STANDARD OF REVIEW

[1,2] A motion to alter or amend a judgment is addressed to the discretion of the trial court, whose decision will be upheld in the absence of an abuse of that discretion. *Breci v. St. Paul Mercury Ins. Co.*, 288 Neb. 626, 849 N.W.2d 523 (2014). A judicial abuse of discretion exists when the reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying just results in matters submitted for disposition. *Id.*

## ANALYSIS

Barnett's first two assignments of error relate to the court's granting appellees' motion to alter or amend, thereby finding that the offer to confess judgment and the acceptance applied to all appellees, not just Happy Cab. Barnett contends that Happy Cab was the only appellee to make the offer to confess judgment and the only appellee from whom he accepted the offer.

The introductory language of the offer to confess judgment states: "COME NOW the Defendants, Happy Cab . . . and Paratransit Insurance . . . (collectively "Defendants") . . . and for Defendants' Offer to Confess Judgment . . . hereby state as follows: . . . Defendants offer to allow judgment to be entered against them on all claims . . . ." (We note here that Paratransit Insurance was not a named defendant in this case.) The end of the offer states that it is "Respectfully submitted" by Happy Cab, Checker Cab, and Kincaid. Barnett's acceptance of the

- 443 -

Nebraska Court of Appeals Advance Sheets
28 Nebraska Appellate Reports
BARNETT v. HAPPY CAB CO.
Cite as 28 Neb. App. 438

offer stated that he was accepting the offer "as to 'defendants' Happy Cab and Paratransit Insurance . . . only."

The trial court initially concluded that the burden was on Checker Cab and Kincaid to prove the offer to confess judgment and the acceptance were specifically intended to apply to them and that the burden had not been met. The court held therefore, that the motion of Checker Cab and Kincaid to dismiss pursuant to the offer to confess judgment should be overruled and denied.

However, after the court considered appellees' motion to alter or amend, it concluded in its May 9, 2019, order that the offer to confess judgment was intended to apply to all appellees. This conclusion was based on its determination that the offer to confess judgment was submitted and made on behalf of all appellees by counsel who represented all appellees, as well as the fact that counsel for appellees, upon receiving the limited acceptance, immediately moved to have the offer apply to all of his clients, and subsequently filed the motion to alter or amend.

[3,4] In deciding the case initially and on the motion to alter or amend, the trial court focused on whether appellees proved that they intended the offer to confess judgment to apply to all of them. We determine, however, that the trial court committed plain error and that this case is better analyzed as a contract case, which requires a meeting of the minds by both parties. Although an appellate court ordinarily considers only those errors assigned and discussed in the briefs, the appellate court may, at its option, notice plain error. *Connelly v. City of Omaha*, 284 Neb. 131, 816 N.W.2d 742 (2012). Plain error exists where there is an error, plainly evident from the record but not complained of at trial, which prejudicially affects a substantial right of a litigant and is of such a nature that to leave it uncorrected would cause a miscarriage of justice or result in damage to the integrity, reputation, and fairness of the judicial process. *United States Cold Storage v. City of La Vista*, 285 Neb. 579, 831 N.W.2d 23 (2013).

- 444 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
28 NEBRASKA APPELLATE REPORTS
BARNETT v. HAPPY CAB CO.
Cite as 28 Neb. App. 438

[5-7] To create a contract, there must be both an offer and an acceptance; there must be a meeting of the minds or a binding mutual understanding between the parties to the contract. *Stitch Ranch v. Double B.J. Farms*, 21 Neb. App. 328, 837 N.W.2d 870 (2013). A fundamental and indispensable basis of any enforceable agreement is that there be a meeting of the minds of the parties as to the essential terms and conditions of the proposed contract. *Id.* A binding mutual understanding or meeting of the minds sufficient to establish a contract requires no precise formality or express utterance from the parties about the details of the proposed agreement; it may be implied from the parties' conduct and the surrounding circumstances. *Id.*

[8] It is a fundamental rule that in order to be binding, an agreement must be definite and certain as to the terms and requirements. It must identify the subject matter and spell out the essential commitments and agreements with respect thereto. *Id.*

Neb. Rev. Stat. § 25-901 (Cum. Supp. 2018), which pertains to offers to confess judgment prior to trial, states as follows:

> The defendant in an action for the recovery of money only may, at any time before the trial, serve upon the plaintiff or the plaintiff's attorney an offer in writing to allow judgment to be taken against the defendant for the sum specified therein. If the plaintiff accepts the offer and gives notice thereof to the defendant or the defendant's attorney, within five days after the offer was served, the offer and an affidavit that the notice of acceptance was delivered in the time limited may be filed by the plaintiff or the defendant may file the acceptance, with a copy of the offer verified by affidavit. In either case, the offer and acceptance shall be entered upon the record, and judgment shall be rendered accordingly. If the notice of acceptance is not given in the period limited, the offer shall be deemed withdrawn and shall not be

- 445 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
28 NEBRASKA APPELLATE REPORTS
BARNETT v. HAPPY CAB CO.
Cite as 28 Neb. App. 438

given in evidence or mentioned on the trial. If the plaintiff fails to obtain judgment for more than was offered by the defendant, the plaintiff shall pay the defendant's cost from the time of the offer.

[9,10] We recognize that although Nebraska'a statute does not specifically provide for a counteroffer of judgment, the Nebraska Supreme Court has previously identified the purpose of the statute as follows: "The object of this section is to encourage litigants to compromise their differences." *Palmer v. Stiles*, 78 Neb. 362, 363, 110 N.W. 1004, 1005 (1907). As a result, we believe it is a reasonable interpretation to conclude that in reaching a compromise, a party may make a counteroffer during negotiations. In other words, the purpose of a confessed judgment and its acceptance is to have the parties agree upon a final resolution, and this necessarily requires a meeting of the minds as to the terms of that resolution. That did not occur here.

The offer to confess judgment was an offer to enter into a contractual agreement with Barnett. However, the offer was unclear as to which appellees were making the offer. As previously stated, the introductory language of the offer identified Happy Cab and Paratransit Insurance as the parties making the offer, but the offer was "Respectfully submitted" by all appellees. Appellees argue that they intended for the offer to confess judgment to apply to all of them.

[11] Barnett's acceptance of the offer to confess judgment specifically stated that he was accepting the offer as to Happy Cab and Paratransit Insurance only. Accordingly, if the offer to confess judgment was intended to include all appellees, Barnett's "acceptance" was actually a counteroffer rather than an acceptance. See *Logan Ranch v. Farm Credit Bank*, 238 Neb. 814, 472 N.W.2d 704 (1991) (where acceptance differs from offer and is coupled with any condition that varies or adds to offer, it is not acceptance; rather, it is counteroffer). Therefore, no contract was created, because there was no meeting of the minds.

An essential term of a contract would include which parties are bound by the contract. In the instant case, the parties never came to a mutual understanding of which appellees were bound by the agreement, and thus, there was never any agreement reached by the parties. Therefore, we reverse the trial court's May 9, 2019, order and vacate the May 9 "Amended Order of Judgment." We also note that upon entering the May 9 order and "Amended Order of Judgment," the trial court should have reversed the April 15 "Order" and vacated the order entering judgment on April 15, but failed to do so. This resulted in the confusion about the April 15 order noted by Barnett on appeal. Upon remand, the trial court is also directed to reverse the April 15 "Order" and vacate the order entering judgment on April 15. Our decision places Barnett and appellees back in the same position they were before the offer to confess judgment was filed.

## CONCLUSION

We conclude that the offer to confess judgment and the acceptance of offer did not create a contract between Barnett and any of the appellees, as there was no meeting of the minds. Accordingly, the court's May 9, 2019, order is reversed and the May 9 "Amended Order of Judgment" is vacated, and the cause is remanded with directions to reverse the April 15 "Order" and to vacate the order entering judgment on April 15.

Reversed and vacated, and cause
remanded with directions.

Pirtle, Judge, participating on briefs.