Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
07/22/2022 09:07 AM CDT

Jeremy Barnett, appellant, v. Happy Cab Co.,
a Nebraska corporation, et al., appellees.

___ N.W.2d ___

Filed April 28, 2022.    No. S-21-407.

1.  **Judgments: Appeal and Error.** The construction of a mandate issued
    by an appellate court presents a question of law on which an appellate
    court is obligated to reach a conclusion independent of the determination
    reached by the court below.
2.  **Trial: Appeal and Error.** The standard of review of a trial court's
    determination of a request for sanctions is whether the trial court abused
    its discretion.
3.  **Judges: Words and Phrases.** A judicial abuse of discretion exists when
    reasons or rulings of a trial judge are clearly untenable, unfairly depriv-
    ing a litigant of a substantial right and denying just results in matters
    submitted for disposition.
4.  **Courts: Judgments: Appeal and Error.** A district court has an unquali-
    fied duty to follow the mandate issued by an appellate court and must
    enter judgment in conformity with the opinion and judgment of the
    appellate court.
5.  ____: ____: ____. A lower court may not modify a judgment directed
    by an appellate court; nor may it engraft any provision on it or take any
    provision from it.
6.  **Judgments: Appeal and Error.** No judgment or order different from, or
    in addition to, the appellate mandate can have any effect.
7.  ____: ____. Where the mandate makes the opinion of an appellate court
    a part thereof by reference, the opinion should be examined in conjunc-
    tion with the mandate to determine the nature and terms of the judgment
    to be entered or the action to be taken thereon.

Appeal from the District Court for Douglas County: J.
Michael Coffey, Judge. Vacated and remanded for further
proceedings.

John C. Fowles, of Fowles Law Office, P.C., L.L.O., for appellant.

Michael T. Gibbons and Raymond E. Walden, of Woodke & Gibbons, P.C., L.L.O., for appellees.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Papik, J.

Jeremy Barnett was injured over 10 years ago while getting into a taxicab. Barnett filed a personal injury lawsuit against the driver of the taxicab and corporations alleged to have employed the driver. Days before a jury trial was to commence, counsel for the driver and corporations filed an offer to confess judgment and Barnett filed an acceptance. While one might assume that an accepted offer to confess judgment would quickly bring about the end of litigation, this one definitely did not. In fact, it has generated a great deal more litigation, including a prior appeal in which the Nebraska Court of Appeals vacated a district court order entering judgment based on the offer to confess judgment. See *Barnett v. Happy Cab Co.*, 28 Neb. App. 438, 945 N.W.2d 200 (2020).

The prior appeal has now led to another. Barnett filed this appeal after the district court understood the Court of Appeals' decision to require Barnett to repay funds he received from one of the corporations and its liability insurer while the prior appeal was pending. When Barnett did not repay those amounts as the district court ordered, the district court dismissed his lawsuit as a sanction for his noncompliance. We find that the district court lacked authority to require Barnett to repay the funds, and we therefore vacate the district court's order requiring repayment and its order dismissing Barnett's case for failing to do so and remand the cause for further proceedings.

## BACKGROUND

*Personal Injury Lawsuit.*

This lawsuit began when Barnett filed a complaint against Happy Cab Co. (Happy Cab), Checker Cab Co. (Checker Cab), and Richard C. Kincaid (collectively appellees). Barnett alleged that on a night in January 2011, as he was getting into a taxicab driven by Kincaid, the taxicab moved and struck Barnett's head. Barnett claimed that he was injured as a result of Kincaid's negligence. Barnett also alleged that Kincaid was an employee of Happy Cab "and/or" Checker Cab and that Kincaid's negligence was imputed to those corporations under the doctrine of respondeat superior.

Happy Cab and Checker Cab filed a joint answer denying Kincaid was their employee. Kincaid filed a separate answer denying he was an employee of either taxicab company. Both answers were filed by the same attorney.

*Offer to Confess Judgment and
Subsequent Proceedings.*

A few days before a jury trial was scheduled to begin, the attorney representing appellees filed an offer to confess judgment in the amount of $75,000. Language at the beginning of the offer to confess judgment stated that the offer was being made by the "Defendants, Happy Cab Co. and Paratransit Insurance Co." Language at the end of the offer, however, stated that it was "[r]espectfully submitted" by Happy Cab, Checker Cab, and Kincaid. Paratransit Insurance Co. (Paratransit Insurance) is Happy Cab's liability insurer, but it has never been a party to the lawsuit.

Barnett filed a timely acceptance of the offer to confess judgment. His acceptance stated that he was accepting the offer as to "'defendants' Happy Cab and Paratransit Insurance Co., only."

On the day trial was to begin, Barnett informed the district court that an offer to confess judgment had been filed and that Barnett had filed an acceptance of the offer. Counsel for

Barnett argued that the offer and acceptance applied only to Happy Cab and that judgment should be entered against Happy Cab only. Counsel for appellees argued that the offer and acceptance applied to all appellees and that Checker Cab and Kincaid should be dismissed as defendants.

On April 15, 2019, the district court entered an order finding that the offer to confess judgment did not apply to Checker Cab or Kincaid and thus declined to dismiss Barnett's claims against them. On the same day, the district court entered an "Order" of judgment against Happy Cab in the amount of $75,000.

Appellees responded by filing a motion to alter or amend. After a hearing on that motion, the district court reversed course. On May 9, 2019, it entered an order finding that the offer to confess judgment was intended to apply to all appellees and that therefore, judgment should be entered in favor of Barnett and against all appellees. The court entered an "Amended Order of Judgment" in favor of Barnett and against all appellees in the amount of $75,000. Barnett appealed.

*First Appeal.*

On appeal, Barnett made the same argument he made in the district court. He contended that Happy Cab was the only appellee to make the offer, that he accepted the offer, and that therefore, the district court should have entered judgment against Happy Cab, but allowed him to continue to pursue his claims against Checker Cab and Kincaid.

The Court of Appeals determined that the district court's order should be reversed, but for reasons other than those advanced by Barnett. The Court of Appeals found that the district court committed plain error by entering judgment against all appellees pursuant to the offer to confess judgment. The Court of Appeals concluded that contract law principles should be applied to analyze the offer to confess judgment. Applying those principles, it determined that because appellees intended the offer to confess judgment to include all

appellees but Barnett attempted to accept only as to Happy Cab and Paratransit Insurance, there was no meeting of the minds and thus no agreement between the parties.

Because it concluded that the offer to confess judgment was not effectively accepted, the Court of Appeals vacated the May 9, 2019, "Amended Order of Judgment" against all appellees. For the same reason, it directed the district court, upon remand, to vacate the April 15 order entering judgment against Happy Cab only. The Court of Appeals concluded its analysis by stating, "Our decision places Barnett and appellees back in the same position they were before the offer to confess judgment was filed." *Barnett v. Happy Cab Co.*, 28 Neb. App. 438, 446, 945 N.W.2d 200, 206 (2020).

We denied a petition for further review filed by appellees.

On August 14, 2020, the Court of Appeals' mandate issued to the district court. It stated: "The judgment which you rendered has been reversed and vacated, and cause remanded with directions by the Nebraska Court of Appeals. NOW, THEREFORE, you shall, without delay, proceed to enter judgment in conformity with the judgment and opinion of this court." (Emphasis in original.)

*Motion to Enforce Mandate.*

After the district court spread the appellate mandate, appellees, through new counsel, filed a motion to enforce the mandate. In the motion, appellees alleged that after the district court entered its May 9, 2019, "Amended Order of Judgment" against all appellees, Happy Cab and Paratransit Insurance sent checks to Barnett's counsel for $25,000 and $50,000, respectively, for the purposes of complying with the district court's judgment. Appellees alleged that those checks were cashed in November 2019. Appellees also alleged that their counsel, after the Court of Appeals issued its mandate, requested that Barnett's counsel repay $25,000 to Happy Cab and $50,000 to Paratransit Insurance, but Barnett's counsel refused. Appellees requested that the district court enter an

order directing Barnett's counsel to repay $25,000 to Happy Cab and $50,000 to Paratransit Insurance.

At a hearing on appellees' motion to enforce the mandate, they offered affidavits signed by executives of Happy Cab and Paratransit Insurance in which they claimed that in May 2019, they caused checks for $25,000 and $50,000, respectively, to be issued to Barnett and delivered to his counsel in order to satisfy the district court's judgment. Appellees also offered the affidavit of their counsel, who averred that after the Court of Appeals' mandate was issued, he requested that Barnett's counsel return the $25,000 and $50,000 payments, but Barnett's counsel refused.

Barnett opposed appellees' motion to enforce the mandate. At the hearing on the motion, he offered the affidavit of his counsel with supporting correspondence attached. According to the affidavit of Barnett's counsel, shortly after the district court entered judgment in May 2019, he received an email from an assistant for appellees' counsel at the time informing him that she would send him a payment for the judgment. Barnett's counsel replied that the assistant need not send the payment because he planned to appeal.

According to the affidavit of Barnett's counsel, he did not receive any checks from appellees or hear anything further about them until November 2019. In November 2019, Barnett's counsel unexpectedly received a letter from the assistant of appellees' then-counsel, enclosing checks for $25,000 and $50,000. Barnett's counsel subsequently called appellees' then-counsel, and they agreed that "regardless of the outcome of the appeal as to the other [appellees], [Barnett] would receive the $75,000 and Happy Cab would be dismissed." Barnett's counsel then told appellees' then-counsel that Barnett would "only receipt the money as coming from Happy Cab" and that he would send appellees' then-counsel a draft to review. Barnett's counsel subsequently emailed appellees' then-counsel an unsigned draft receipt stating that Barnett had

received checks satisfying the judgment against Happy Cab. Appellees' then-counsel replied, "Looks good."

Based on the affidavit of his counsel, Barnett argued that he and appellees' then-counsel reached a new settlement as to Barnett's claim against Happy Cab and that he retained the settlement checks for that reason. He asserted that pursuant to that settlement, Happy Cab should be dismissed from the case, but that he should not be required to return the funds previously received from Happy Cab and Paratransit Insurance. Appellees, on the other hand, argued that in order to enforce the mandate, the district court was required to order Barnett to return those funds.

The district court entered an order granting the relief sought by appellees. In the order, the district court stated the following:

> In its opinion, the Nebraska Court of Appeals held that the offer to confess judgment and the acceptance of the offer by [Barnett] did not create a contract between [Barnett] and any of the [appellees] and as a result reversed the May 9, 2019 amended order of judgment and remanded the cause to the District Court. The Court of Appeals further stated that its decision placed Barnett and [appellees] in the same position they were in before the offer to confess judgment was filed and, as a result, the Court finds that [Barnett] and his counsel shall repay to counsel for [Happy Cab] the amount of $25,000.00 and to [Paratransit Insurance] the amount of $50,000.00 on or before the 19th of January, 2021.

*Motion for Sanctions and Dismissal.*

After Barnett did not repay the funds as ordered by the district court, appellees filed a motion requesting that the district court dismiss Barnett's case as a sanction for noncompliance. The district court sustained the motion and dismissed the action without prejudice.

Barnett timely appealed. We moved the case to our docket on our own motion. See Neb. Rev. Stat. § 24-1106 (Cum. Supp. 2020).

## ASSIGNMENTS OF ERROR

Barnett assigns a number of errors, but they can be effectively consolidated and restated as two. He contends that the district court erred (1) by ordering him to repay the amounts he received from Happy Cab and Paratransit Insurance and (2) by dismissing his case when he failed to comply with that order.

## STANDARD OF REVIEW

[1] The construction of a mandate issued by an appellate court presents a question of law on which an appellate court is obligated to reach a conclusion independent of the determination reached by the court below. *TransCanada Keystone Pipeline v. Tanderup*, 305 Neb. 493, 941 N.W.2d 145 (2020).

[2,3] The standard of review of a trial court's determination of a request for sanctions is whether the trial court abused its discretion. *Holste v. Burlington Northern RR. Co.*, 256 Neb. 713, 592 N.W.2d 894 (1999). A judicial abuse of discretion exists when reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying just results in matters submitted for disposition. *Id.*

## ANALYSIS

We begin our analysis with Barnett's argument that the district court erred by ordering him to repay the amounts he received from Happy Cab and Paratransit Insurance. The district court entered the order in response to appellees' argument that such an order was required by the Court of Appeals' mandate.

[4-6] There is no question that the district court was obligated to follow the Court of Appeals' mandate. A district court has an unqualified duty to follow the mandate issued by an

appellate court and must enter judgment in conformity with the opinion and judgment of the appellate court. *State v. Payne*, 298 Neb. 373, 904 N.W.2d 275 (2017). A lower court may not modify a judgment directed by an appellate court; nor may it engraft any provision on it or take any provision from it. *Id.* No judgment or order different from, or in addition to, the appellate mandate can have any effect. *Id.*

[7] While Barnett acknowledges that the district court was bound to follow the Court of Appeals' mandate, he contends that the district court's order directing him to repay the amounts he received from Happy Cab and Paratransit Insurance was not required by the mandate. Where, as here, the mandate makes the opinion of an appellate court a part thereof by reference, the opinion should be examined in conjunction with the mandate to determine the nature and terms of the judgment to be entered or the action to be taken thereon. *Id.*

Our review of the Court of Appeals' opinion leads us to conclude that its mandate did not require the district court to order Barnett to repay the funds he received from Happy Cab and Paratransit Insurance in November 2019. As discussed above, the district court entered two judgments in this case based on the offer to confess judgment. It first entered judgment against Happy Cab only, and then, after appellees filed a motion to alter or amend, it entered judgment against all appellees. Because the Court of Appeals concluded that Barnett had not effectively accepted an offer to confess judgment, it determined that the district court should not have entered a judgment at all. It therefore vacated the district court's judgment against all appellees and directed the district court, on remand, to also vacate its prior judgment against Happy Cab only.

While the Court of Appeals' opinion focused on whether there was an effective acceptance of the offer to confess judgment and directed that the district court's judgments based on the offer to confess judgment be vacated, the evidence submitted by the parties on appellees' motion to enforce the

mandate concerned other matters. Specifically, that evidence pertained to whether the payment of funds to Barnett by Happy Cab and Paratransit Insurance while the prior appeal was pending was, as appellees contend, the compulsory satisfaction of a judgment or, as Barnett contends, payment pursuant to a recently reached settlement agreement. We see nothing in the Court of Appeals' opinion that spoke to the appropriate characterization of that payment or what the district court must do regarding that payment. Indeed, the Court of Appeals could not have spoken to these issues, because there is no way it could have even known that Barnett had received the funds while the appeal was pending.

In ordering Barnett to repay the funds he received from Happy Cab and Paratransit Insurance, the district court relied on the Court of Appeals' concluding language that its decision "places Barnett and appellees back in the same position they were before the offer to confess judgment was filed." *Barnett v. Happy Cab Co.*, 28 Neb. App. 438, 446, 945 N.W.2d 200, 206 (2020). Appellees likewise contend that this language required the district court to order the repayment of funds. We disagree. The context for this concluding statement was the Court of Appeals' direction that the district court's prior judgments be vacated. The Court of Appeals was observing that the vacation of those judgments would return the parties to the position they were in before any judgments had been entered, not directing that the district court make additional orders not expressly discussed by the Court of Appeals.

Our conclusion that the district court's order directing repayment was not required by the Court of Appeals' mandate would not allow us to affirm unless the district court had some other authority to enter the order. On this subject, appellees assert that because Happy Cab and Paratransit Insurance issued the checks to Barnett under the compulsion of a now-vacated judgment, Barnett's retention of those funds constitutes unjust enrichment. As we have noted, Barnett disputes

this characterization of the payment, contending that the payment was made pursuant to a new settlement agreement. As we will explain, we need not resolve this dispute between the parties here.

To the extent appellees suggest that the district court could issue its order requiring that Barnett repay Happy Cab and Paratransit Insurance because appellees established that Barnett had been unjustly enriched, we disagree. While unjust enrichment is certainly a recognized cause of action under Nebraska law, see, e.g., *Washa v. Miller*, 249 Neb. 941, 546 N.W.2d 813 (1996), appellees have not pled an unjust enrichment cause of action in this case. Moreover, the district court's order appears to grant relief in favor of Paratransit Insurance, but Paratransit Insurance is not even a party to this case, let alone a party that has pled a cause of action against Barnett. And finally, even if the right cause of action had been pled by the right parties, those parties would still need to litigate that cause of action, and that has not occurred here either. The district court has entered an order based only on its understanding of the Court of Appeals' mandate.

Because we find that the district court, on this record, lacked authority to enter the order directing that Barnett repay the funds he previously received from Happy Cab and Paratransit Insurance, we vacate that order. And because the district court did not have authority to enter that order, it follows that the district court abused its discretion by dismissing Barnett's case as a sanction for noncompliance. We thus also vacate the order dismissing the case and remand the cause for further proceedings. We express no opinion as to whether appellees may have some recourse they have not yet pursued with respect to the funds Barnett received while the first appeal was pending.

## CONCLUSION

We find that on this record, the district court lacked authority to order Barnett to repay the funds he previously received from Happy Cab and Paratransit Insurance. We vacate that

order and the district court's order dismissing Barnett's case and remand the cause for further proceedings.

VACATED AND REMANDED FOR
FURTHER PROCEEDINGS.

CASSEL, J., concurring.

An "ancient reproach" cautions that "'justice delayed is justice denied.'"[1] The court's opinion today, which I join in full, vividly illustrates the consequences of imprecise drafting in the form of years of delay and needless expense.

I write separately only to say explicitly what the court implies: If the parties making the offer to confess judgment (through prior counsel) and the party purporting to accept it had used appropriate precision and attention to detail, this saga could have been avoided and justice achieved without the two appeals and underlying proceedings recounted in the court's opinion.

---

[1] See *Rylee v. Marett, Sheriff*, 121 S.C. 366, 378, 113 S.E. 483, 487 (1922). See, also, *In re Supreme Court Commissioners*, 100 Neb. 426, 160 N.W. 737 (1916).