IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

CLINE V. SIMMONS

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

PEGGY CLINE AND NAKED MAIDEN'S FALLS, LLC, APPELLEES,

V.

LEE M. SIMMONS, APPELLANT, AND KRISTOPHER QUALLEY AND MICHELLE QUALLEY,
ALSO KNOWN AS MICHELLE CANNOT, APPELLEES.

Filed January 6, 2026.    No. A-24-985.

Appeal from the District Court for Cherry County: MARK D. KOZISEK, Judge. Affirmed.

Bartholomew L. McLeay and Dwyer Arce, of Kutak Rock, L.L.P. for appellant.

Andrew D. Weeks, of Husch Blackwell, L.L.P, and Aisha Carr for appellees Peggy Cline and Naked Maiden's Falls, LLC.

RIEDMANN, Chief Judge, and MOORE and BISHOP, Judges.

MOORE, Judge.

INTRODUCTION

After the district court for Cherry County entered judgment on the mandate from this court following a prior appeal, Lee M. Simmons filed a post-appeal request, which was then denied by the district court. Simmons appeals from the denial of his request. For the reasons set forth herein, we affirm.

STATEMENT OF FACTS

The facts underlying this litigation are more fully described in this court's memorandum opinion in *Cline v. Simmons*, No. A-23-165, 2024 WL 1864843 (Neb. App. Apr. 30, 2024) (selected for posting to court website). We summarize those facts briefly here to provide context for the present appeal.

In 2005, Peggy Cline and her now deceased husband sold certain real property and the easement necessary to access the property to Kristopher Qualley and his then wife. The Qualleys executed a promissory note, secured by a trust deed. The trust deed named the Clines' L.L.C., Naked Maiden's Falls, as the beneficiary and gave it the right to consent to any sale of the property while any sums remained due on the promissory note. After the sale to the Qualleys, the Clines filed a warranty deed memorializing the sale and giving the Clines a right of first refusal to repurchase the property.

Subsequently, Cline, on behalf of Naked Maiden's Falls, paid certain property taxes that Qualley had failed to pay on the property, which, under the trust deed terms, increased the amount owed by the Qualleys. In about 2018, Cline obtained a default judgment against Qualley in Colorado in another matter. The Colorado judgment was registered in the Cherry County District Court (in a case other than the present case) and acted as a judgment lien on the property.

In early 2019, Cline learned that Qualley had sold the property. Cline did not receive notice prior to the sale and was not given an opportunity to exercise her right of first refusal. The terms of the sale required Simmons to satisfy preexisting liens on the property (remaining amount due on promissory note, past due taxes paid by Cline, and Colorado judgment lien) in return for ownership of the property. Cline subsequently testified at trial that she never received any payment from Simmons on the liens after the purported sale.

Naked Maiden's Falls filed suit in the district court in March 2019 against Simmons and Qualley. Multiple amended complaints followed. The operative complaint named both Cline and Naked Maiden's Falls as plaintiffs and we have referred to them collectively as "Cline" and "the plaintiffs." In the operative complaint, Cline sought specific performance of the warranty deed, i.e., the opportunity to exercise her right of first refusal. Simmons' answer to the operative complaint included a counterclaim, seeking to quiet title to the property in his name.

A jury trial was held in October 2022. We note that Qualley did not participate in the district court proceedings or attend trial, although his deposition testimony was offered into evidence. The jury entered a verdict in favor of Cline on the claim that she had not been provided with an opportunity to exercise the right of first refusal for the property. The district court accepted the jury's verdict and entered a final judgment in Cline's favor on February 8, 2023. As relevant to the present appeal, the court instructed the parties that, within 30 days of entry of judgment, (1) Simmons was to convey the property to Cline by warranty deed and deposit the executed warranty deed with the clerk of the court; (2) Qualley and his current wife, if any, were to convey the property to Cline by quitclaim deed and deposit the executed quitclaim deed with the clerk; (3) Naked Maiden's Falls was to request and file a deed of reconveyance for the 2005 trust deed associated with the property; and (4) Cline was to file a release and satisfaction of the judgment entered against Qualley in Colorado, and subsequently registered in Cherry County, in both the Colorado court and the relevant district court case. The court also instructed that Cline and Naked Maiden's Falls were to "thereafter" file with the clerk an affidavit setting forth their compliance with "the orders set forth above." Upon the filing of the affidavit, the clerk was to deliver the deposited warranty and quitclaim deeds to Cline or her designee. If Cline and Naked Maiden's Falls failed to comply with the court's orders, the clerk was to "return the deposited warranty deed to . . . Simmons upon request."

On March 1, 2023, Cline filed an affidavit stating that the plaintiffs had complied with the final judgment, including the requirement that they file such an affidavit. In the affidavit, Cline stated that on February 20, Naked Maiden's Falls had requested, through its counsel, a deed of reconveyance concerning the 2005 trust deed be executed by the trustee and filed of record; that on February 24, she had filed a release and satisfaction of judgment in the Colorado case in the Colorado court; and that on February 27, she had filed a release and satisfaction of judgment in the district court in the case in which the Colorado judgment had been registered. Cline also stated that the plaintiffs had "performed their obligations as ordered by the Court in good faith and in reliance upon and in consideration of the simultaneous obligations imposed upon . . . Simmons to convey a warranty deed . . . Qualley and his current spouse to convey a quitclaim deed" pursuant to the final judgment.

On March 2, 2023, Simmons appealed from the February 2023 final judgment. He also filed notice of his cash deposit of $80,000 pursuant to the district court's order on supersedeas (following a hearing on issue of a supersedeas in the event of appeal, the court determined that the deposit of a deed did not fully protect Cline given Simmons' possession of the property).

On appeal, Simmons challenged, among other things, the district court's finding that Cline was not notified of his offer to purchase the property. He also asserted that the district court erred in failing to quiet title to the property and easement in him. This court affirmed the judgment of the district court granting Cline's request for specific performance and allowing her the opportunity to exercise her right of first refusal by purchasing the property and easement for the same price, terms, and conditions as that provided by Simmons. See *Cline v. Simmons*, No. A-23-165, 2024 WL 1864843 (Neb. App. Apr. 30, 2024) (selected for posting to court website). This court's mandate, issued on July 8, 2024, directed the district court to "proceed to enter judgment in conformity with the judgment and opinion of this court." The district court entered an order spreading the mandate on July 12.

On July 25, 2024, Simmons deposited a warranty deed with the court clerk, conveying to Cline all his interest in the property and easement. Simmons also filed a notice related to the deposit of the warranty deed. In the notice, he asserted that on February 27, 2023, Cline had filed a document entitled "'Release and Satisfaction,'" stating that she "'reserve[d] her right to rescind'" the release "'in the event that . . . Qualley fail[s] to convey the property as ordered.'" With respect to the warranty deed he deposited with the court, Simmons stated that because Cline had filed a reservation of rights, the warranty deed included a reservation of "any rights or remedies [he] may have in the action giving rise to the [f]inal [j]udgment." Simmons then observed that Cline's release and satisfaction was filed more than a year prior and stated that "the reservation [was] not conspicuous" and "was not directly stated" in the affidavit Cline filed with the district court. Simmons asserted that he did not identify the reservation until "very recently" and that he did not "want more time to pass . . . without delivering a response to the [o]rder [s]preading [m]andate and filing a warranty deed while also reserving his rights." The only attachments to Simmons' notice were a copy of the warranty deed and copy of a warranty deed receipt from the clerk of the district court.

On August 8, 2024, Simmons filed a document entitled "REQUEST TO COURT CLERK TO RETURN DEPOSITED WARRANTY DEED." Simmons requested that the clerk return the warranty deed to him because Cline did not comply with the requirements of the final judgment.

He asserted that on February 27, 2023, Cline filed with the district court "the Cline offer," which included "new terms" as part of the release and satisfaction of the Colorado judgment registered in Nebraska. Specifically, he asserted that the reservation of rights found in the "Cline offer," constituted a "new offer" since it "varied the consideration to be provided Qualley in contrast to Simmons' offer and that the final judgment only allowed Cline to "match the Simmons offer that had been judicially determined by [the district court] and set forth in the [f]inal [j]udgment." Simmons did not include any attachments with his request for return of the warranty deed.

On September 13, 2024, Cline filed a motion asking the district court to release to the plaintiffs the supersedeas bond (from the previous appeal) and deed deposited by Simmons. Simmons subsequently filed an opposition to Cline's motion. In his opposition, Simmons again argued, among other things, that Cline had not complied with the requirements of the final judgment. Simmons' opposition did not include any attachments.

At a hearing on October 18, 2024, the district court considered Simmons' request for return of the deposited warranty deed, Cline's motion to release the supersedeas bond and the deposited warranty deed, and Simmons' opposition to Cline's motion. Simmons introduced evidence at the hearing, but that evidence did not include Cline's affidavit or the releases. Cline did not introduce any evidence. Neither party asked the court to take judicial notice of Cline's affidavit or the releases. Qualley did not participate in the hearing. He had not deposited a quitclaim deed (as per the final judgment) at the time of the hearing, and there is nothing in the record on appeal to show that he did so after the hearing.

On November 30, 2024, the district court entered an order ruling on the parties' post-mandate motions. The court denied Simmons' request for return of the deposited warranty deed, as well as Cline's motion to release the supersedeas bond. The court granted Cline's motion to release the deposited warranty deed and directed the court clerk to deliver the Simmons warranty deed to Cline or her designee. Finally, the court directed the clerk to return the supersedeas bond posted by Simmons after the deduction of costs, and the court directed the clerk to pay the withheld costs to the plaintiffs as provided in the court's order. The order includes a detailed analysis of the parties' arguments in support of their respective motions. For purposes of the present appeal, we note the following. In addressing Simmons' request for return of the deposited warranty deed, the court noted Simmons' reference in his request to the February 27, 2003, "Cline offer." The court stated that it found no "offer" made by Cline on or around that date in its review of the "Register of Actions" for the case, and that no offer had been made part of the evidentiary record. The court observed that Simmons' arguments as to Cline's noncompliance with the final judgment "relie[d] heavily on the language of a release," but that no release and satisfaction had been filed as a pleading or made part of the evidentiary record. The court took judicial notice of both the final judgment and Cline's affidavit filed in March 2023, and it concluded that even if the record had been developed showing that Cline filed a conditional release, Simmons would not prevail because Simmons did not risk being held liable for Qualley's unpaid liens. The court went on to conclude that the final order requirement that Qualley deposit a quitclaim deed was "superfluous" because the evidence at trial showed Qualley deeded the property to Simmons before the lawsuit was filed and "retained no interest in the property to convey."

On December 17, 2024, Simmons filed a motion, seeking to stay execution of the district court's November 30 order to allow for appeal, and asking the district court to approve deposit of

the warranty deed in lieu of bond. He filed a supplement to that motion on December 23, to which he attached the releases filed by Cline (release filed in the Colorado court on February 24, 2023, and release filed in Cherry County District Court on February 27). Simmons subsequently perfected the present appeal to this court.

## ASSIGNMENTS OF ERROR

Simmons asserts, consolidated and restated, that the district court (1) failed to follow this court's mandate when it found Cline had complied with the district court's judgment and granted Cline's motion to release the warranty deed to her, (2) erred in denying Simmons' request to have the warranty deed returned to him, and (3) erred in taking judicial notice, sua sponte, of Cline's affidavit and failing to take judicial notice of another filing.

## STANDARD OF REVIEW

A jurisdictional issue that does not involve a factual dispute presents a question of law. *Kellogg v. Mathiesen*, 320 Neb. 223, 26 N.W.3d 651 (2025).

The construction of a mandate issued by an appellate court presents a question of law on which an appellate court is obligated to reach a conclusion independent of the determination reached by the court below. *In re Estate of Walker*, 320 Neb. 139, 26 N.W.3d 316 (2025).

## ANALYSIS

*Final Appealable Order.*

Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it. *Kellogg v. Mathiesen, supra*. Accordingly, before turning to Simmons' assignments of error, we first address the plaintiffs' argument that this court lacks jurisdiction because Simmons did not appeal from a final appealable order.

Read together, Neb. Rev. Stat. §§ 25-1911 (Reissue 2016) and 25-1912 (Cum. Supp. 2024) generally prescribe that for an appellate court to acquire jurisdiction of an appeal, the party must be appealing from either a judgment or decree rendered or from a final order. Final order is defined in Neb. Rev. Stat. § 25-1902(1) (Cum. Supp. 2024) as follows:

(a) An order affecting a substantial right in an action, when such order in effect determines the action and prevents a judgment;

(b) An order affecting a substantial right made during a special proceeding;

(c) An order affecting a substantial right made on summary application in an action after a judgment is entered; and

(d) An order denying a motion for summary judgment when such motion is based on the assertion of sovereign immunity or the immunity of a government official.

A substantial right is an essential legal right, not a mere technical right. *In re Hessler Living Trust*, 316 Neb. 600, 5 N.W.3d 723 (2024). A substantial right is affected if an order affects the subject matter of the litigation, such as by diminishing a claim or defense that was available to an appellant before the order from which an appeal is taken. *Id.* Substantial rights under § 25-1902 include those legal rights that a party is entitled to enforce or defend. *In re Hessler Living Trust,*

*supra*. An order on summary application in an action after judgment under § 25-1902 is an order ruling on a postjudgment motion in an action. *Gem City Bone & Joint v. Meister*, 306 Neb. 710, 947 N.W.2d 302 (2020).

The plaintiffs argue that Simmons' post-appeal request for return of the deposited warranty deed was not a postjudgment motion because it was addressed to the clerk of the court and did not request any affirmative action by the district court. See Neb. Rev. Stat. § 25-908 (Reissue 2016) (motion is application for order addressed to court or judge in vacation, by party to suit or proceeding, or one interested therein).

Although addressed to the clerk of the court and framed as a request to the clerk to return the warranty deed Simmons had deposited with the clerk as part of Simmons' compliance with the final order, his filing raised the issue of whether Cline had complied with her obligations under the order, and thus, the question of whether Cline was entitled to possession of the deed, which was a matter for the district court to determine. See Neb. Rev. Stat. § 25-2214.01(2) (Reissue 2016) (property other than money which is received by clerk of district court shall be held by clerk in safekeeping until claimed by rightful owner or, if there is dispute as to ownership of such property, until ordered by court of competent jurisdiction to give possession of property to some person). The court treated Simmons' filing as a motion and addressed it together with the plaintiffs' post-appeal motion and Simmons' opposition to that motion. We see no error in this regard. See *Kerr v. Board of Regents*, 15 Neb. App. 907, 739 N.W.2d 224 (2007) (character of pleading is determined by its content, not by its caption).

The district court's order denying Simmons' request for return of the deposited warranty deed affected a substantial right, i.e., Simmons' right to retain possession of the property. We conclude that Simmons' request for return of the warranty deed was a summary application in an action after judgment under § 25-1902(1)(c) and the order ruling on that request was therefore a final, appealable order. Accordingly, we have jurisdiction over Simmons' appeal.

*Compliance With Mandate.*

Simmons asserts that the district court failed to follow this court's mandate when it found Cline had complied with the requirements of the final judgment and granted Cline's motion to release the warranty deed to her. Simmons argues that by "accepting Cline's defective performance" and declaring the provisions of the final judgment relating to Qualley to be "superfluous," the court entered an order outside of this court's mandate, making that order void. Brief for appellant at 24.

Simmons notes case law relating to trial courts' powers following remand from an appellate court. In appellate procedure, a "remand" is an appellate court's order returning a proceeding to the court from which the appeal originated for further action in accordance with the remanding order. *In re Estate of Walker*, 320 Neb. 139, 26 N.W.3d 316 (2025). Because a trial court is without power to affect rights and duties outside the scope of the remand from an appellate court, any order attempting to do so is entered without jurisdiction and is void. *TransCanada Keystone Pipeline v. Tanderup*, 305 Neb. 493, 941 N.W.2d 145 (2020). When a lower court is given specific instructions on remand, it must comply with the specific instructions and has no discretion to deviate from the mandate. *In re Estate of Walker, supra*. When the judgment of a trial court is

reversed on appeal and the cause remanded without specific instructions, it is the duty of the trial court to exercise its discretion in the further disposition of the case. *Id.*

In the previous appeal, this court did not reverse the district court's final judgment, or any portion thereof, and remand for further proceedings. We affirmed the final judgment, and in doing so, we did not give the district court specific instructions, or any instructions, beyond the direction in our mandate to "enter judgment in conformity with the judgment and opinion of this court." See *Cline v. Simmons*, No. A-23-165, 2024 WL 1864843 (Neb. App. Apr. 30, 2024) (selected for posting to court website). And, that is exactly what the district court did when it entered the July 2024 order spreading mandate.

Simmons notes that where the mandate makes the opinion of an appellate court a part thereof by reference, the opinion should be examined in conjunction with the mandate to determine the nature and terms of the judgment to be entered or the action to be taken thereon. *Barnett v. Happy Cab Co.*, 311 Neb. 464, 973 N.W.2d 183 (2022). He essentially argues that by determining in the November 2024 order on post-appeal motions that Cline had complied with the requirements of the final judgment, the district court somehow altered those terms in violation of this court's mandate. We disagree. As relevant here, the final judgment required (1) Simmons to convey the property and easement to Cline by warranty deed and deposit that warranty deed with the clerk of the court; (2) Naked Maiden's Falls to request a deed of reconveyance for the 2005 trust deed associated with the property to be executed and filed; (3) Cline to file a release and satisfaction of the Colorado judgment in both the Colorado court and in the applicable Cherry County District Court case in which that judgment had been registered; and (4) the plaintiffs to then file an affidavit setting forth their compliance. Once the plaintiffs' affidavit was filed, the clerk was to deliver the warranty deed to Cline; if the plaintiffs failed to comply, the clerk was to return the warranty deed to Simmons upon his request. After the district court spread the mandate, Simmons filed his post-appeal request alleging that the plaintiffs had not complied with the final judgment, and Cline filed her motion alleging that the plaintiffs had complied. In determining that the plaintiffs had complied with the final judgment and then granting Cline's motion to release the deposited warranty deed to her, the district court did not alter the requirements of the final judgment as affirmed by this court.

Simmons also argues that certain findings in the district court's November 2024 order on post-appeal motions concerning Qualley were not in compliance with this court's mandate. Simmons' post-appeal request for return of the deposited warranty deed was based on Cline's alleged failure to comply with the mandate. Although the district court's November 2024 order included language addressing Qualley's compliance with the final judgment, that language was unnecessary to the court's resolution of the question of Cline's compliance. Likewise, consideration of the district court's findings about Qualley in the November 2024 order is unnecessary to our resolution of this appeal. An appellate court is not obligated to engage in an analysis that is not needed to adjudicate the controversy before it. *Henderson State Co. v. Garrelts*, 319 Neb. 485, 23 N.W.3d 444 (2025). And, even if we were to consider whether the district court's findings concerning Qualley were made in violation of this court's mandate, that would not invalidate the district court's findings concerning Cline's compliance with the final judgment. Any findings concerning Qualley that violated the mandate could simply be vacated and set aside. See *In re Estate of Koetter*, 312 Neb. 549, 980 N.W.2d 376 (2022) (when appellate court determines

- 7 -

it lacks jurisdiction over decision of lower court because lower court lacked jurisdiction, appellate court has power to vacate void order and, if necessary, to remand cause with appropriate directions). See, also, *In re Trust Created by Augustin*, 27 Neb. App. 593, 935 N.W.2d 493 (2019) (vacating portions of order concerning matters over which trial court did not have jurisdiction); *State v. Henk*, 299 Neb. 586, 909 N.W.2d 634 (2018) (vacating and setting aside portion of order concerning claims outside of mandate).

This assignment of error fails.

*Denial of Request to Return Deed.*

Simmons asserts that the district court erred in denying his request to have the deposited warranty deed returned to him. Simmons' request was essentially a claim for enforcement of the final judgment based on his assertion that Cline's releases did not comply with the final judgment and thus, the warranty deed should be returned to him. We note, as did the district court, that Simmons did not attach a copy of the releases to his request and did not enter them into evidence at the October 18, 2024, hearing on his request. The releases do not appear anywhere in the record on appeal until December 23, when Simmons attached them to a supplement to another motion, both of which were filed after the district court's November 30 order ruling on the parties' post-appeal motions.

Simmons argues that the district court inappropriately placed the burden of proof on him rather than on Cline. We disagree. Simmons filed a request claiming that he was entitled to have the deposited warranty deed returned to him due to Cline's failure to comply with the final judgment. It was Simmons' burden to prove sufficient evidence to support his claim. See *County of Hayes v. County of Frontier*, 319 Neb. 98, 21 N.W.3d 474 (2025) (absent statute stating otherwise, party asserting claim has burden to present sufficient evidence to support it); *Garcia v. City of Omaha*, 316 Neb. 817, 7 N.W.3d 188 (2024) (traditional pleading rules normally assign burden of proof to party who pled issue).

Simmons asserts that the district court erred in taking judicial notice, sua sponte, of Cline's affidavit filed in this case prior to the previous appeal and in failing to take judicial notice of the release filed in the district court case in which the Colorado judgment had been registered. We see no error in the district court's judicial notice of Cline's affidavit filed earlier in the present case. Generally, a court will take judicial notice of its own records. *In re Estate of Radford*, 297 Neb. 748, 901 N.W.2d 261 (2017). Judicial notice of adjudicative facts is governed by Neb. Rev. Stat. § 27-201 (Reissue 2016). Section 27-201(3) authorizes a judge or court to take judicial notice, whether requested or not and § 27-201(6) allows judicial notice to be taken at any stage of the proceeding.

Likewise, we find no error in the district court's failure to take judicial notice of the release filed in the other district court case (the case number of which was referenced in Cline's affidavit). Where cases are interwoven and interdependent, and the controversy has already been considered and determined in a prior proceeding involving one of the parties now before the court, the court has a right to examine its own records and take judicial notice of its own proceedings and judgment in the prior action. *Sickler v. Kirby*, 19 Neb. App. 286, 805 N.W.2d 675 (2011). Simmons did not request the district court to take judicial notice of the release filed in the other case during the hearing on his request, and there is nothing in our record to support a conclusion that it would have

been appropriate for the court to do so if Simmons had asked. The only information in the record we have about that case, aside from the case number, is that it was a Nebraska case in which the Colorado judgment against Qualley for his failure to pay for a truck and trailer sold to him by Cline's husband was registered and that the registered judgment acted as a judgment lien on the property at issue in this case. For the same reasons, we decline Simmons' request for this court to take judicial notice of the language of the releases which were attached to his December 2024 filing.

Simmons does not dispute that the releases were filed; he contends that the language of the releases demonstrates that Cline did not comply with the final judgment. However, the actual releases were not presented to the district court for its consideration at the time of the hearing on the parties' post-appeal motions. As noted by the district court, the releases had not been filed as pleadings and were not made part of the evidentiary record at the hearing. Although the district court noted that Simmons would not prevail even had the record been developed to show that the plaintiffs filed a conditional release, the court's statement was unnecessary to its resolution of Simmons' claim and does not correct the record deficiency. An appellate court will not consider an issue on appeal that was not presented to or passed upon by the trial court. *Aguilar v. Valdez-Mendoza*, 318 Neb. 402, 16 N.W.3d 130 (2025). It is incumbent on the party appealing to present a record that supports the errors assigned; absent such a record, as a general rule, the decision of the lower court as to those errors will be affirmed. *Czech v. Allen*, 318 Neb. 904, 21 N.W.3d 1 (2025).

The final judgment required Naked Maiden's Falls to request and have filed a deed of reconveyance, Cline to file the releases and satisfactions discussed above, and the plaintiffs to file an affidavit setting forth their compliance. The record on appeal shows that they have done so. Accordingly, we find no error in the district court's denial of Simmons' request to have the deposited warranty deed returned to him and its grant of Cline's motion to have the deed delivered to her. This assignment of error fails.

*Cline's Request for Attorney Fees.*

We note Cline's request in her brief for an award of attorney fees "for having to defend this appeal which was 'interposed solely for delay or harassment' and has 'unnecessarily expanded the proceedings.'" Brief for appellee at 17. Cline's request, however, does not comply with the appellate court rules for seeking such an award and must be raised, if at all, by a timely motion in full compliance with Neb. Ct. R. App. P. § 2-106(G) (rev. 2025).

CONCLUSION

As discussed above, we affirm the decision of the district court denying Simmons' request for return of the deposited warranty deed and granting Cline's motion to release the warranty deed to her.

AFFIRMED.